MUHLKER v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 19, 1901.)

1. RAILROADS—ABUTTING PROPERTY—RIGHT TO MAINTAIN ELEVATED TRACKS.

A railroad company which has maintained its tracks in a cut in a city street for 20 years does not acquire a right by adverse possession, as against an abutting property owner, which will entitle it to place its tracks on a viaduct constructed above the surface of the street.

2. SAME—EVIDENCE—ADMISSIBILITY.

Where a railroad company having a prescriptive right to carry its tracks in a cut in a street places them on an elevated viaduct above the street level, it is not error, in an action for damages to abutting property, to admit evidence of the course of values in adjoining streets.

Van Brunt, P. J., dissenting.

Cross appeals from special term, New York county.

Action by Henry Muhlker against the New York & Harlem Railroad Company and the New York Central & Hudson River Railroad Company. From a judgment in favor of defendants, plaintiff and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

James C. Bushby, for plaintiff.

Ira A. Place, for defendants.

McLAUGHLIN, J. This action was brought to recover damages resulting from the operation of defendants' railroad in front of plaintiff's premises on Park avenue, in the city of New York, and to enjoin the future operation of such road. The plaintiff had a judgment restraining the defendants from interfering with his easements of light, air, and access to the premises in question, and fixing the amount of the fee and rental damages because of such prior interference. The judgment was in the usual form in actions brought for a similar purpose against the elevated railroad companies in such city, and provided that if the defendants, within a time specified, paid the amounts awarded for fee and rental damages, then the injunction should not become operative.

The facts established upon the trial, so far as the same relate to the plaintiff's right to recover at all, are substantially the same as those established upon the trials in Lewis v. Railroad Co., 162 N. Y. 262, 56 N. E. 540, Fries v. Railroad Co., 57 App. Div. 577, 68 N. Y. Supp. 670, and Sanders v. Railroad Co. (decided by this court March 8, 1901, and not yet officially reported) 69 N. Y. Supp. 155, and for that reason it is unnecessary to restate them here. The origin of the defendants' claim to so much of the premises upon which their road stands as lies south of the old Harlem road is precisely like the Lewis Case, and the origin and source of plaintiff's title and of defendants' claim to premises lying north of the old Harlem road are in all respects like the Sanders Case; and the liability of the defendants to respond in damages from February 16, 1897, when they began to operate trains upon the steel viaduct, in so far as such operation interfered with the easements of light, air, and access, was settled by the Lewis Case, which was followed in both of the other cases

cited. The question of defendants having acquired title by adverse possession was considered by this court in both the Fries and Sanders Cases. In the former it was said:

"For these reasons the deed to the city was valid as against the railroad company, and it had no title to that part of the street in front of the plaintiff's premises, and its only rights, therefore, were those which it had acquired by adverse possession. Within the rule laid down in the case of Lewis v. Railroad Co. [cited above], that adverse possession did not give to the railroad company the right to carry its tracks, which for twenty years had run in a cut, upon a viaduct such as this is above ground, in front of the plaintiff's premises. The Case of Lewis applies fully to the one at bar."

In the Sanders Case this court followed the decision just quoted, the presiding justice dissenting on the sole ground that "title by adverse possession as to the twenty-four feet strip, at least, was established by the evidence. * * *" It is urged, however, that an error was committed in the admission of evidence as to the course of values of real estate on Madison and Lexington avenues subsequent to the year 1892. But a similar question was presented to and passed upon by a majority of this court in the Fries Case, and it was there held that the evidence was not incompetent. It is also urged that the fee and rental damages awarded are excessive. A careful consideration of the evidence bearing upon that subject fails to sustain such contention. There is sufficient evidence to sustain the finding of the special term in this respect.

The judgment is right, and should be affirmed, and, inasmuch as both parties appeal from the judgment, we are of the opinion that costs should not be awarded to either of them. All concur, except VAN BRUNT, P. J., who dissents.