## BIRRELL v. NEW YORK AND HARLEM RAILROAD COMPANY.

## KIERNS v. NEW YORK AND HARLEM RAILROAD COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

Nos. 202, 203. Argued April 27, 28, 1905.—Decided May 15, 1905.

*Muhlker* v. *Harlem R. R. Co.*, 197 U. S. 544, followed.

THE facts are stated in the opinion.

*Mr. Alfred B. Cruikshank* for plaintiffs in error.

*Mr. Ira A. Place* and *Mr. Edward Winslow Paige*, with whom *Mr. Thomas Emery* was on the brief, for defendants in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

Plaintiffs in error are owners of property on Park avenue in the city of New York, and brought these actions in the Supreme Court of the county of New York against the defendants in error for damages for the erection, and for an injunction against the continuance of, the viaduct described in *Muhlker* v. *New York & Harlem Railroad Company*, 197 U. S. 544. The Supreme Court found that the viaduct and the operation of trains thereon were and had been from certain dates which were mentioned, a continuous trespass upon the easements of light, air and access appurtenant to the property of plaintiffs in error, and that they sustained damages, respectively, as follows: Birrell in the sum of $3,360, depreciation in the rental value of her property, and the sum of $7,050 damages to the fee; Patrick Kierns, as executor and trustee of

John Kierns, deceased, in the sum of $1,296, depreciation of rental value of his property, and $2,525 injury to the fee. Money judgments were entered for the depreciation of the rental value of the respective properties, and it was decreed that unless the right was acquired by the defendants to maintain the structure and operate the railroad by the payment of the sums awarded for the damages to the fee, injunctions should become operative against the structure and railroad. The judgments were affirmed by the Appellate Division, but were reversed by the Court of Appeals. Upon the return of the cases to the Supreme Court judgments were entered dismissing the complaints and these writs of error were then sued out.

In the *Birrell case* the Court of Appeals contented itself with a simple reversal of the judgment; in the *Kierns case* a *per curiam* opinion was filed as follows:

"Judgment reversed and the complaint dismissed, without costs, upon the authority of *Fries* v. *New York & Harlem R. R. Co.*, 169 N. Y. 270, and *Muhlker* v. *New York & Harlem R. R. Co.*, 173 N. Y. 549."

Judge Vann filed a concurring opinion, which he concluded as follows:

"I concurred in the dissenting opinion of Judge Cullen in the *Fries case* and should have concurred in that of Judge Bartlett in the *Muhlker case* had I sat when it was argued, but I regard the question as now settled, and by the rule of *stare decisis* I am compelled to vote for reversal."

The *Muhlker case* came to this court and was reversed, 197 U. S. 544. There are some differences in the facts in the cases at bar from that case, but none in our judgment which withdraw them from the principles there expressed. And, as we have seen, a substantial identity in the cases was pronounced by the courts of New York.

Counsel, it is true, have submitted some additional considerations based on the act of 1892 under which the viaduct was erected, and on other laws of New York, to which con-

siderations we have given due attention, but we do not think they demand or would justify a change of our ruling.

It follows, therefore, that the judgments should be and they are hereby reversed, and the causes remanded for further proceedings not inconsistent with this opinion.

The CHIEF JUSTICE, MR. JUSTICE WHITE, MR. JUSTICE PECK-HAM and MR. JUSTICE HOLMES dissent.