which the latter received from the former were acquired through undue influence; but that presumption is entirely overcome by the testimony of the plaintiff himself.  He states that he gave nothing to the defendant Elias under coercion; that all he gave was voluntarily given; that he paid her household bills, spent large sums of money in furnishing lodgings or apartments for her, advised her with reference to the investment in savings banks of some of the money he gave her, and as to the disposition of other sums not so invested.  It is also true that the plaintiff says at one place in his testimony that he gave large sums of money to Mrs. Elias "to prevent anything of our relations coming out to the public"; but there is nothing in his testimony to indicate that there was any threat on the part of Mrs. Elias to expose those relations.  It would not answer any useful purpose to go over in detail all this testimony.  It is sufficient to say that the case on the proofs made at the trial is not as strong as that presented in the affidavits used on a motion for an injunction pending suit, which affidavits were before us on an appeal from an order which granted that injunction, and which order was reversed here.  The present appeal must be determined on the same grounds as those which affected the mind of the justice at Special Term, namely, that the allegations of the complaint are not proven.  The extent of the decision of this appeal is only to affirm the judgment of the court below in dismissing the complaint for insufficiency of proof to maintain its allegations.

Judgment affirmed, with costs.  All concur.

(108 App. Div. 206.)

ROSE v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department.  November 10, 1905.)

1. EMINENT DOMAIN—COMPENSATION—EASEMENTS—LIGHT AND AIR.

The owner of land abutting on a street in New York City, who derived his title from the grantor to the city, in trust for a public highway, of the strip of land constituting the street, is protected against impairment of his easements of light and air by a substitution by a railroad company of an elevated structure in lieu of its partly depressed roadbed, which occupied the street at the time of his purchase, though the elevated structure is wholly within the lines of the former depressed roadbed, and none of the structure without it.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 308.]

2. SAME—DAMAGES—FEE VALUE.

In an action for damages to plaintiff's property abutting on a street by reason of the impairment of his easements due to the erection of a railroad viaduct in the street, plaintiff's expert witnesses testified that the fee value was $37,000 before trains were operated, that after they were operated it was $31,000, and at the time of trial $24,790, and defendant's expert witness testified that the fee value had been $34,000 before trains were operated and after that time.  Held, that an allowance of $4,000 as fee damages was justified.

3. APPEAL—HARMLESS ERROR—INCOMPETENT EVIDENCE.

A judgment will not be reversed for the admission of incompetent evidence, where it is sustained by other evidence which is competent. ·

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4161.]

Appeal from Special Term, New York County.

Suit by John H. Rose against the New York & Harlem Railroad Company and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Alexander S. Lyman, for appellants.
J. C. Bushby, for respondent.

PATTERSON, J. The plaintiff was the owner of the premises No. 1754 Park avenue, at the southwest corner of 122d street, in the city of New York. He sued for an injunction and for incidental damage to the property by reason of the impairment of his easements, due to the erection of the viaduct on Park avenue, above 106th street, for the roadway of the defendants' roads. The general question of liability was determined by the Supreme Court of the United States in the Birrell Case, 198 U. S. 390, 25 Sup. Ct. 667, 49 L. Ed. 1096. It is sought to distinguish that case from this, on the ground that there is a substantial difference, consisting in the fact that here the structure complained of is wholly within the lines of the former depressed cut through which these roads were operated, while in the Birrell Case some of the structure was outside of those lines. I do not see that that is a matter of any consequence. It can make no difference whether the viaduct is or is not wider than the old subway. The general rule of liability in either event would be the same.

It is further objected that the amounts awarded are excessive. In this, as in all cases of the kind, the testimony as to damages is unsatisfactory. The plaintiff's expert witness, whose qualifications were admitted, testified that in 1892 the fee value was $37,000; that in 1896, after trains began to be operated on this viaduct, it was $31,450, and at the time of the trial was $24,790. The defendant's expert witness plainly knew nothing whatever about the subject. It is clear that he was not acquainted with the fee values in that neighborhood. He says that such fee value in 1892 was $34,000, in 1894 it was $34,000, and 1901 $34,000. The court allowed as fee damage the sum of $4,000, and it might properly have allowed more.

As to the damage to rental value the allowance was $2,000. There is evidence to show that there was a decline in rents after the viaduct was put up, and there is also evidence that there were some vacancies in the apartments in the plaintiff's houses. The rents were higher in 1892 than at subsequent periods. From 1892 to 1897 the total yearly rents received was $3,672. Trains began to run on the viaduct in February, 1897, and the rental damages awarded were from February 16, 1897, to March 21, 1901, the date of the trial. The rental values undoubtedly have declined and, as said before, some of the apartments were not rented. It is suggested that the award of $2,000 is a guess; but it is the same kind of guess (as we have frequently had occasion to remark) that

is indulged in all the elevated railroad cases. What was said in Sander v. State of New York (Court of Appeals, Oct. 3, 1905) 75 N. E. 234, sufficiently indicates where liability rests for decline in rental values.

A serious point is as to the admission of evidence of the course of values on other avenues and streets. Witnesses were allowed to testify as to property on Madison and Lexington avenues for the purposes of comparison. In the Fries Case, 57 App. Div. 592, 68 N. Y. Supp. 670, it was expressly held by this court that evidence of that character was admissible. The opinion was written by Rumsey, J., and concurred in by Justices O'Brien, Ingraham, and Hatch; Van Brunt, P. J., dissenting. Subsequently the Court of Appeals considered the question on the appeal in the same case, and in the opinion of that court, by O'Brien, J., that evidence was condemned. It is said that that was not a decision of the whole court, because Chief Judge Parker and Judge Landon only concurred in the opinion of Judge O'Brien, while Judge Martin concurred in the result and wrote a separate opinion, in which the point was not mentioned. As Judge Martin in his separate opinion did not mention the point, I think it is fair to infer that he concurred with the other three judges in their view concerning it. It is said, however, that the same point was involved in the Lewis Case, 162 N. Y. 202, 56 N. E. 540; but there is no discussion of that point in the opinion therein.

My own view is that the evidence was incompetent, but we should not reverse the judgment upon that ground, if there is sufficient other evidence to sustain it. It appears to me that there is. It is altogether based upon the testimony of expert witnesses, but they speak directly as to the decline in rental and fee values, without regard to the property situated in neighboring streets. The trial judge, in deciding the case, stated that he had not considered the evidence concerning the course of values in neighboring streets. The Court of Appeals, in Robinson v. N. Y. Elevated R. R., 175 N. Y. 219, 67 N. E. 431, held that, notwithstanding such a declaration of a trial judge, where the evidence was improperly admitted, the judgment would be reversed, when it was material and affected the result. That is an authoritative decision; but this judgment may be sustained on the ground that, upon such evidence as was admitted without objection or exception, these damages may be allowed.

Judgment affirmed, with costs. All concur.