The New York and Brooklyn Saw-mill and Lumber Company, Appellant, *v.* The City of Brooklyn, Respondent.

A municipal corporation is not liable for the acts or omissions of an officer elected or appointed by it, in respect to a duty specifically imposed upon the officer, which is not connected with his duties as agent of the corporation, and in which it has no private interest. It is only liable for the acts or omissions of officers in the performance of duties imposed upon the corporation.

The complaint in this action alleged, in substance, that by "an act to improve the Gowanus canal, in the city of Brooklyn" (chap. 678, Laws of 1866), and the acts amendatory thereof (chap. 884, Laws of 1867, chap. 793, Laws of 1869), commissioners were appointed to dock the sides of said canal, the expense to be assessed upon the property; that the commissioners caused docks to be erected "in and upon plaintiff's land adjacent to said canal," but prosecuted the work so negligently that the dock sank; that by an act passed in 1871 (chap. 839, Laws of 1871), it was provided that the common council of the city should cause the docks to be repaired or rebuilt at the expense of the city; that thereby the duty to rebuild the dock on plaintiff's land was imposed upon the city, which it had neglected to perform, to his damage, etc. Upon demurrer to the complaint, *held,* that the court

could not take judicial notice that the canal was a public highway, and in the absence of allegations to that effect could not presume it to be such; that so far as appeared the work was for the benefit of individuals solely; that it appears by the amendatory act of 1869 to have been the intention of the Legislature to substitute the common council for the commissioners, without affecting the relations of the city to the work; that both bodies were to be regarded as agents of the State, not of the city, and for their acts or omissions the city was not liable; that the act of 1871 did not impose the duty of rebuilding upon the city, but the directions therein to the common council, it was to be presumed were given to them as State agents, and that therefore the city was not liable; also *held,* that the fact that the expense of rebuilding was cast upon the city did not affect its liability.

(Argued November 16, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judical department, in favor of defendant, entered upon an order affirming an order of Special Term, which sustained a demurrer to the complaint, and dismissing the complaint. (Reported below, 8 Hun, 37.)

The allegations of the complaint are sufficiently stated in the opinion. The demurrer was upon the ground that the complaint did not state facts constituting a cause of action.

*Edgar M. Cullen,* for appellant. Chapter 839, Laws of 1871, was in all respects valid. (*Town of Guilford* v. *Suprs. Chenango,* 13 N. Y., 148; *Brewster* v. *City of Syracuse,* 19 id., 116; *Darlington* v. *Mayor, etc.,* 31 id., 164.) The duty created by the act of 1871 (chap. 839) was imposed on the common council as agents of the city. (Laws of 1854, chap. 384; *Cumming* v. *Mayor, etc.,* 11 Paige, 596; *Beard* v. *City of Brooklyn,* 31 Barb., 142; *Baldwin* v. *City of Oswego,* 1 Abb. [Ct. App.], 62.) If the duty to rebuild the docks was imposed on the common council as agents or officers of the corporation, then it became a corporate duty of defendant. (*Conrad* v. *Village of Ithaca,* 16 N. Y., 158; *McCarthy* v. *City of Syracuse,* 46 id., 196; *Hines* v. *City of Lockport,* 50 id., 236; *Hickok* v. *Village of Plattsburgh,* 16 id., 161; 1 Dillon on Mun. Corp., § 23; *Lorillard* v. *Town of Monroe,*

11 N. Y., 392; *Swift* v. *City of Poughkeepsie*, 37 id., 511.) Defendant was liable for the failure of the common council to rebuild the dock. (*McCarthy* v. *City of Syracuse*, 46 N. Y., 196; *Adsit* v. *Brady*, 4 Hill, 630; *Robinson* v. *Chamberlain*, 34 N. Y., 389; *Barton* v. *City of Syracuse*, 36 id., 54; *Fulton F. Ins. Co.* v. *Baldwin*, 37 id., 648; *Maximilian* v. *Mayor, etc.*, 62 id., 161; *Cornell* v. *But. T"p'ke Co.*, 25 Wend., 366; *People* v. *Kerr*, 27 N. Y., 188, 211.)

*Wm. C. De Witt*, for respondent. Defendant is not liable in damages for a failure or refusal of its common council to rebuild the docks under the act of 1871 (chap. 839.) (*Lorillard* v. *Town of Monroe*, 11 N. Y., 392; *People* v. *Suprs., etc.*, id., 571; *Russell* v. *Mayor, etc.*, 2 Den., 464, 465, 473, 481–483; *Martin* v. *Brooklyn*, 1 Hill, 545; Dillon on Mun. Corp., §§ 772–778; *Maximilian* v. *Mayor, etc.*, 2 Hun, 263; *Delmonico* v. *N. Y.*, 1 Sandf., 223; *Mayor, etc.*, v. *Furze*, 3 Hill, 612; *Mayor, etc.*, v. *Turn*, Cowp., 86; *Kings* v. *Brooklyn*, 42 Barb., 627; *Mayor, etc.*, v. *Bailey*, 2 Den., 433.) A civil action will not lie against a corporation for nonfeasance by any of its officers. (*Wilson* v. *Mayor, etc.*, 1 Den., 595.)

Church, Ch. J. The appeal is brought upon a judgment entered, sustaining a demurrer to the complaint. The complaint alleges in substance that, by an act of the Legislature passed in 1866, entitled, "an Act to improve the Gowanus canal, in the city of Brooklyn," and the acts amendatory thereof, certain commissioners named and appointed were authorized to cause the sides of the Gowanus canal, not then docked, to be docked, the expense to be assessed on the property so docked; that plaintiff at the time owned property along the lines of said canal, which was not docked; that the said commissioners proceeded to cause docks to be erected "in and upon plaintiff's land adjacent to said canal," but prosecuted the work so negligently and unskillfully, that prior to April, 1871, the dock sunk and became utterly

unfit for use; that by act chapter 839, Laws of 1871, en-titled, "an Act to provide for the assessment and collection of the costs of the improvement of the Gowanus canal, in the city of Brooklyn, and for the reconstruction of docks in the said improvement, which have sunk or become unfit for use," it was provided that the cost of said docks should be assessed on the property so docked, including plaintiff's lands, and that the common council of the city of Brooklyn should cause to be repaired or rebuilt, at the expense of the city, the docks constructed by the commissioners, where the same had sunk and become unfit for use. The plaintiff claimed that, by the act last mentioned, it became the duty of the defendant to rebuild the dock upon plaintiff's land; that it neglected and refused so to do, by reason whereof plaintiff suffered damage in being deprived of the use and rental of said dock, etc.

The subject of municipal liability for the nonfeasance or misfeasance of its officers or agents has given rise to exten-sive litigation, and the distinctions recognized by some of the authorities, and the apparent conflict between others, ren-ders it often difficult to determine in a given case to what class it belongs. I do not deem it needful to review the authorities, nor discuss to any extent the principles which have been adjudged, for the reason that the conclusion at which I have arrived, after some hesitation, is based upon the construction of the statute imposing the duty in connection with the previous legislation in relation to the improvement in question. There are, however, some general principles to which it may be proper to advert, which seem to be estab-lished by the authorities:

First. When, by a municipal charter in the distribution of powers and duties among the different municipal officers, duties of a public character are imposed, the officers are regarded as agents of the corporation, and it is liable for their acts or omissions. This has been held to be based upon an implied agreement, upon the consideration of the grant of franchises, and which agreement inures to the benefit

of every individual interested in its performance. (*Conrad* v. *Trustees, etc.,* 16 N. Y., 158, and note.)

Second. A municipal corporation is held liable for the acts af an agent it employs to do business for its own corporate or private benefit, the same as a private individual, and this, although the agent may be appointed by the Legislature, or under legislative authority, if it accepts and ratifies the appointment. (*Appleton* v. *Water Com'rs,* 2 Hill, 433.)

Third. When a ministerial duty is expressly imposed upon a municipal corporation by legislative enactment, in the performance of which the public are interested, it may be held liable, although the circumstances are such that an implied acceptance of the particular provisions may not be inferred.

We have recently held that a municipal corporation is not liable for the omission to perform, or for negligence in the performance of a public duty laid upon an independent officer, in which it has no private interest, and from the performance of which it derives no special or corporate benefit, although it is required to elect or appoint such officer, and although the officer has in charge, and the negligence imputed is the use of property owned by the corporation. (*Maximilian* v. *Mayor, etc.,* 62 N. Y., 160.) It has been repeatedly held that a municipality is not liable for the acts or omissions of an officer in respect to a duty specifically imposed, which is not connected with his duties as agent of the corporation. (*Owens* v. *Missionary Soc. of M. E. Church,* 11 N. Y., 392; *People* v. *Sup'rs Chenango Co.,* id., 571; *Russell* v. *Mayor, etc., of the City of New York,* 2 Den., 461; *Martin* v. *Mayor, etc., of Brooklyn,* 1 Hill, 545.) The general rule may be stated to be that a municipal corporation is only liable for the acts or omissions of officers in the performance of duties imposed upon the principal. It is not alleged in the complaint that the city of Brooklyn owns or has any interest in the Gowanus canal; nor is it alleged that it is a public highway, nor are we referred to any statute or record showing that such is the fact, nor that the improvement was originally a public work. We cannot take judicial notice of the fact

that it is a public highway, if it be one; and in the absence
of allegations to that effect, we cannot presume it to be such.
It is unnecessary to determine whether, if that fact appeared,
it would change the character of the work, or the nature of
the duty imposed. The complaint does allege that the dock-
ing complained of was built in and upon the plaintiff's land
adjacent to said canal, and inferentially that the whole work
of docking was upon private property, and damages are
sought for the loss of the use and rent of the dock. So far
as the record shows, the docking authorized to be constructed
was work done for the private and individual benefit of the
owners of the lands adjoining the canal, and not for the ben-
efit of the city as a corporate body, or of the public, except
as it furnished increased facilities for business and commerce.
It is clear, therefore, that unless the Legislature has devolved
the duty of rebuilding the docks upon the corporation, it
is not liable for any neglect or omission to perform it.
Taking the allegations of the complaint, as we must as
a correct statement of facts, the duty alleged to have been
imposed upon the city, and the consequent burden of ex-
pense, was in effect to compensate the owners of land for dam-
ages suffered by reason of the negligent and unskillful con-
struction of docks built by commissioners appointed by the
Legislature, for whose acts or omissions it is not claimed that
the city was liable. Without stopping to criticise the valid-
ity of such an act, its manifest gross injustice should deter
us from enlarging its strict meaning to the detriment of the
interests of the city. It need not be denied that the language
of the act, under some circumstances, and especially if used
in a charter act, or in an act professing to deal with corporate
duties, might be construed as imposing the duty upon the
corporation. It is not imposed upon the corporation in
terms, but upon the common council of the city, and it is
claimed, in behalf of the city, that the purpose of the Legis-
lature was merely to substitute the common council as
commissioners for the commissioners previously appointed.

The Legislature, by the act of 1866, doubtless for some

public purpose, appointed nine commissioners to build docks along the sides of the Gowanus canal, the expense of which was to be ultimately paid by an assessment upon the adjacent land; the city of Brooklyn, however, was to advance its bonds to raise money for immediate use. It is not claimed that these commissioners were in any sense officers of the city or its agents, nor that the city was responsible for their acts or omissions. They were officers of the State, appointed to perform public duties, but not duties in which the city had any special interest. If the Gowanus canal was an arm of the sea, or a stream in which the tide ebbed and flowed, the State owned the land under water, and might, for purposes of commerce, improve it, or authorize its improvement. However this was, it is clear that the improvement was not a corporate work, and the city, as a corporation, had no control over or interest in it. The act was amended in 1867, and again in 1869, chapter 793. By the latter act the commissioners were required to report to the common council by the 1st Monday in June, 1870, the cost of the work, etc., and if not then completed the amount necessary to complete it; "and thereupon the said commissioners shall be discharged from the further charge of said improvement, and any further work shall devolve upon the said common council."

This provision is, I think, significant of an intention on the part of the Legislature to change the commission from the individuals theretofore composing it to the body known as the common council, without affecting the relations of the commission, or the work to the city or to the State. The work was to be continued as before and carried on to completion, but under the charge of specified city officers, instead of the commissioners, and there is nothing in that act indicating a purpose to change the improvement to a city work, or to impose any duty upon the city. Under this act, it seems to me clear that the common council would be regarded as an agent of the State in respect to this work, and not as a city agent.

When, in the act of 1871, the Legislature directed the common council to rebuild a portion of these docks, it is fairly presumable that this direction was given to them, in the same capacity, as they acted after the duties of the commissioners were devolved upon them by the act of 1869. It adds nothing to the force of the contention of the plaintiff that the docks were to be rebuilt at the expense of the city. This burden might have been cast, if the commissioners had been continued. A similar burden was cast upon the city of New York in the case in 2 Denio, 461 (*infra*), where the city was not held liable. The work to be done, as we have seen, was not a corporate work, but mainly for the benefit of private owners; it was directed to be done by a statute having no relation to corporate duties. The work was commenced and nearly completed by independent officers appointed by the State, for whose acts the city was not responsible, and we think the fair construction of the acts of 1869 and 1871 is that the Legislature merely intended a substitution of the common council for the commissioners, and that both were agents of the State, and not of the city. I think the case falls within the principle of *Russell* v. *The Mayor* (2 Denio, 461), and *Martin* v. *Mayor* (1 Hill, 545), and therefore concur with the court below that the defendant is not liable.

The judgment must be affirmed.

All concur.

Judgment affirmed.