MARY ANN THEALL, APPELLANT, *v.* THE CITY OF YONKERS, RESPONDENT.

*Duty of adjoining towns as to repairing a bridge over a stream dividing them—chapter 225 of 1841, as amended by chapter 383 of 1857—when the Common Council of Yonkers act as independent officers and not as agents of the city—dividing line between Yonkers and the town of East Chester.*

For a failure to keep in repair a bridge over a stream dividing adjoining towns as required by chapter 225 of 1841, as amended by chapter 383 of 1857, the Commissioners of Highways of the said towns are jointly and not severally liable.

The Common Council of the city of Yonkers, in acting as Commissioners of Highways, under the said statute, act not as agents of the city, but as independent public officers.

The dividing line between the city of Yonkers and the town of East Chester is the middle line of the Bronx river.

APPEAL from a judgment dismissing the complaint, entered upon the report of a referee.

The action was brought to recover the damages sustained by the plaintiff by partially falling through a hole in a bridge.

The referee found, among other things, " That the defendant is a municipal corporation duly created under the laws of the State of New York, and that the Common Council thereof possesses all the powers given by law to the Commissioners of Highways of towns, in respect to the bridge hereinafter mentioned.

" That in or about the year 1821 a bridge was constructed across the Bronx river (which was then and now is an unnavigable stream), and that in or about the year 1856, the said bridge was rebuilt by the Commissioners of Highways of the town of Yonkers,

the abutments of the second bridge occupying the same spaces as the abutments of the first bridge, erected about the year 1821, the Highway Commissioners of the adjoining town of East Chester, at the same time building another span of about the same length over a marshland or swamp, then being in the town of East Chester; that the said Commissioners of Highways of the respective towns of Yonkers and East Chester, as between themselves, and with reference to the expense of constructing both of the said spans considered them both as constituting one bridge, but the said Bronx river has always flowed in its present channel, which is wholly between the abutments of the said westerly span of the said bridge.

"That on the thirteenth day of December, 1878, the plaintiff, then being an inhabitant of the village of Mount Vernon (an incorporated village in the said town of East Chester), while crossing the westerly span of the said bridge, which is intersected by the Bronx river, without fault or neglect on her part, partially fell through a hole, about six inches in width by about three feet in length, thereby receiving painful if not permanent injuries.

"That the said hole in the bridge through which she partially fell, was outside of the corporation limits of the city of Yonkers, being over the line of the middle of the channel of the Bronx. river at least five and one-half feet, and was in the town of East Chester; and that the boundary line between the said city of Yonkers and the town of East Chester is the middle of the channel of the said Bronx river; and that, for the purpose of connecting the said town of East Chester with the said town or city of Yonkers, the said westerly span was the whole bridge over the said Bronx river.

"That the said city of Yonkers was, by the charter thereof, declared to be one of the towns of Westchester county except as is otherwise provided in the act of incorporation of the said city; and that the maintaining or keeping of the said bridge in repair is not provided for in the said charter; but that the Common Council of the city of Yonkers, by the said charter, were made Commissioners of Highways within the limits of the said city, and, as such Commissioners of Highways of the said town of Yonkers, it was also their duty, and also the duty of the Commissioners of Highways of the

said town of East Chester (under the statutes), to keep and maintain the said westerly span of the said bridge in proper repair at the joint expense of both towns.

"That the said defendant, or the said Common Council, or Commissioners of Highways, had no notice, actual or constructive, of the existence of the said hole in said bridge, but were ignorant of the same without fault on their part."

*Josiah T. Lovejoy* and *James Peers Foster*, for the appellant.

*Theodore Fitch*, for the respondent.

GILBERT, J.:

There seem to be two insuperable objections to the plaintiff's claims. 1. If it was the defendant's duty to keep the bridge in question in repair, yet the referee has found that it was not chargeable with notice of the defect in the bridge which caused the accident. The finding is fully sustained by the evidence, and the fact found is a complete defense. (*Griffin* v. *Mayor of N. Y.*, 9 N. Y., 456; *Hume* v. *The Mayor*, 47 Id., 639; *Todd* v. *City of Troy*, 61 Id., 506.) But, 2. The bridge on which the accident happened was under the care of the Commissioners of Highways of the city of Yonkers and town of East Chester (2 R. S., 6 ed., 135.) The charter of the city (tit. 8) vested the powers of such commissioners in the Common Council. If the act of 1841, cited *infra*, be applicable to this bridge, then the liability to maintain it rested upon the city of Yonkers and the town of East Chester jointly, and such liability could be enforced only by action against the members of the Common Council of Yonkers and the Commissioners of Highways of East Chester jointly. Such is the plain provision of the statute on this subject. (Laws of 1841, ch. 225, § 2, as amended by Laws of 1857, ch. 383; *Lapham* v. *Rice*, 55 N. Y. 478.) For one class of cases the statute cited grants a several as well as a joint liability, but for a neglect of duty only a joint liability is declared. With respect to their duty as Commissioners of Highways under the statute cited, the Common Council do not act as agents of the city, but as independent public officers. (*N. Y. &*

*B. Saw Mill Co.* v. *City of Brooklyn*, 8 Hun, 37 ; *S. C.*, 71 N. Y., 580.) That the case is governed by the act of 1841, and that the duty of maintaining the bridge was a joint one, we think is reasonably clear. The bridge was in existence when the act of 1841 was passed, and was then partly in the old town of Yonkers. The fact that it has been permitted to ·remain for so long a period, and that it forms a part of a highway which connects Yonkers with East Chester, is sufficient evidence that the towns of Yonkers and East Chester assumed the liability of maintaining it. (*Jones* v. *City of Utica*, 16 Hun, 441 ; *Beckwith* v. *Whalen*, 65 N. Y., 322.) Since the incorporation of Yonkers as a city the duty resting on the town has been cast upon the Common Council as Commissioners.

Furthermore, we are of opinion that the division line between Yonkers and East Chester is the middle of the channel of the river. (1 R. S., 6 ed., 370, § 62.) That being so, the accident happened outside of the limits of the city, and nothing has been shown which imposes the duty of maintaining the bridge beyond the city line, except the statute of 1841, before cited.

It follows that whoever may be liable for the injury complained of, the defendant is not.

The judgment must be affirmed with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed with costs.