JOHN KEIRNS, Respondent, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY et al., Appellants.

*Keirns v. N. Y. & Harlem R. R. Co.*, 60 App. Div. 630, reversed. (Argued November 18, 1902; decided February 24, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Ira A. Place, Alexander S. Lyman* and *Thomas Emery* for appellants.

*Alfred B. Cruikshank, Henry G. Atwater* and *John C. Thomson* for respondent.

*Per Curiam.* Judgment reversed and the complaint dismissed, without costs, upon the authority of *Fries* v. *N. Y. & Harlem R. R. Co.* (169 N. Y. 270), and *Muhlker* v. *N. Y. & Harlem R. R. Co.* (173 N. Y. 549).

VANN, J. (concurring). The plaintiff's property is in the next block to that in which the property of the plaintiff in the *Lewis* case was situated. (*Lewis* v. *N. Y. & Harlem R. R. Co.*, 162 N. Y. 202.) The essential facts of the two cases differ in no particular that would prevent a recovery in one unless they would also prevent a recovery in the other. Since the decision of the *Lewis* case, however, the *Fries* case has been before us, in which a new point in the litigation was discovered by a majority of the court that was not raised by counsel or considered by us in the former case. (*Fries* v. *N. Y. & Harlem R. R. Co.*, 169 N. Y. 270.)

The *Lewis* case was argued and decided upon the theory that the entry of the railroad company into Park avenue was in subordination to the legal title of the city ; that by user for more than twenty years the company obtained by prescription as against the abutting owners the right to maintain a permanent structure within the same limits and at the same height as previous structures, and to the extent of the company's

user for twenty years acquired the exclusive right to interfere with the easements of light, air and access; that the railroad company could not be charged with the damages which the easements of the abutting owners suffered from the construction, itself, by a governmental agency, of the last structure, but that when the defendants used it they became liable from that time for such damages as the easements suffered from such user to the extent of the increased height of the third structure, after deducting the benefits received from increased facility of access.

On the other hand, the *Fries* case was decided upon the theory that, as against the abutting owner with no title to the avenue, the state had the right to require the grade upon which the railroad was run to be changed; to cause to be erected a steel viaduct, and to compel the defendants to run their trains thereon, and in the absence of any statute providing for compensation, that they were not liable for remote or consequential damages sustained by the abutting owners.

This point, although radical, was entirely new, and had it been raised in the *Lewis* case might have resulted in a reversal instead of an affirmance. While the judgment of the court in that case was by the unanimous vote of all the judges who sat, and the judgment in the *Fries* case was by a bare majority, and while I regret the result reached in the latter as amounting to the confiscation of property belonging to abutting owners and a gift thereof to railroad corporations, I now yield to it as establishing the law of the state, since the principle upon which it rests has been sanctioned and applied in another case by this court. (*Muhlker* v. *N. Y. & Harlem R. R. Co.*, 173 N. Y. 549.)

I concurred in the dissenting opinion of Judge CULLEN in the *Fries* case and should have concurred in that of Judge BARTLETT in the *Muhlker* case had I sat when it was argued, but I regard the question as now settled, and by the rule of *stare decisis* I am compelled to vote for reversal.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN and WERNER, JJ. (and VANN, J., in memorandum), concur; GRAY, J., not sitting.

Judgment reversed, etc.