BARTLETT, HAIGHT and WERNER, JJ., concur with GRAY, J.; O'BRIEN, J., reads dissenting opinion, and VANN, J., concurs; CULLEN, Ch. J., concurs in memorandum.

Judgment of conviction affirmed.

---

In the Matter of the Petition of JOHN BORUP, Respondent, for the Appointment of Commissioners to Assess Damages to his Property, Resulting from a Change of Grade of Jefferson Place in the Town of Eastchester, Appellant.

1. CONSTITUTIONAL LAW — STATUTE AUTHORIZING PAYMENT OF CLAIMS AGAINST TOWN FOR DAMAGES FOR CHANGE OF GRADE — L. 1903, CH. 610. The fact that section 69 of chapter 686 of the Laws of 1892, authorizing towns to repair, grade and macadamize highways at the expense of the town, made no provision for the damages that property owners might sustain by change of grade or otherwise, does not render chapter 610 of the Laws of 1903, providing for the recovery of such damages from the town, unconstitutional; the latter act is in no sense a gift or gratuity of either the money or property of the town or a loan of its money or credit to an individual; the legislature had the power to provide for the payment of such damages in the original act and its subsequent enactment is simply a recognition of claims founded in equity and justice.

2. MEASURE OF DAMAGES. The act authorizes no new or improper rule of damages; the recovery is limited to the actual amount of damages, measured by the principles prevailing in condemnation proceedings, deducting all benefits which are properly chargeable to the property by reason of the improvement of the highway.

*Matter of Borup*, 102 App. Div. 262, affirmed.

(Argued May 31, 1905; decided June 13, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 17, 1905, which affirmed an order of

Special Term appointing commissioners to assess damages to the petitioner's property resulting from a change of grade.

The facts, so far as material, and the question certified are stated in the opinion.

*Isaac N. Mills* for appellant.  Prior to the enactment of chapter 610, Laws of 1903, viz., May 15, 1903, there was no liability whatever on the part of the town of Eastchester to the petitioner for the damages alleged in the petition.  (*Redcliff* v. *Mayor, etc.,* 4 N. Y. 195; *Fries* v. *N. Y. & H. R. R. Co.,* 169 N. Y. 270; *Conkling* v. *N. Y., O. & W. Ry. Co.,* 102 N. Y. 107; *Matter of Torge* v. *Village of Salamanca,* 176 N. Y. 324; *Comesky* v. *Village of Suffern,* 179 N. Y. 393; *Town of Hempstead* v. *City of New York,* 52 App. Div. 182.)  Chapter 610 of the Laws of 1903, so far as it may be construed to make the town liable for damages sustained through a change of grade made prior to the enactment of that act, is unconstitutional and void as being in violation of section 10 of article 8 of the State Constitution, in that it undertakes to make a gratuity of the moneys of a town.  (*Stemmler* v. *Mayor, etc.,* 179 N. Y. 473; *Matter of Chapman,* 168 N. Y. 80; *Mahon* v. *Bd. of Education,* 171 N. Y. 268; *People ex rel. Waddy* v. *Partridge,* 172 N. Y. 305; *Bush* v. *Bd. of Suprs.,* 159 N. Y. 212; *People ex rel. Stephens* v. *Phillips,* 85 N. Y. Supp. 200; *People* v. *Bd. of Suprs.,* 43 N. Y. 130; *Conkling* v. *N. Y., O. & W. R. R. Co.,* 102 N. Y. 107; *Sauer* v. *City of New York,* 180 N. Y. 27.)  The provision of this statute, chapter 610, Laws of 1903, fixing the measure of damages, constitutes the taking of the moneys of the town without due process of law and for other than town purposes.  (*Stewart* v. *Palmer,* 74 N. Y. 188; *Williams* v. *Port Chester,* 72 App. Div. 505; *People* v. *Turner,* 117 N. Y. 227; *Parmlee* v. *Thompson,* 7 Hill, 77; *People ex rel. Rodgers* v. *Coler,* 166 N. Y. 1.)  The act, chapter 610, Laws of 1903, is void also because it purports to deprive the town of the right to have such claim determined by the ordinary courts and compels it to submit

such claim to the determination of commissioners, and, therefore, to be deprived of its property without due process of law. (*Matter of Comesky*, 83 App. Div. 137; *People* v. *Haws*, 37 Barb. 440; *Baldwin* v. *Mayor, etc.*, 2 Keyes, 400.)

*Alfred E. Smith* for respondent. The statute does not offend section 10, article 8 of the Constitution, but provides a way for towns to meet an equitable and moral obligation. (*People ex rel. Waddy* v. *Partridge*, 172 N. Y. 305; *Matter of Mahon* v. *Bd. of Education*, 171 N. Y. 263; *Bush* v. *Bd. of Suprs.*, 159 N. Y. 212; *Transportation Co.* v. *Chicago*, 99 U. S. 635; *Cole* v. *State*, 102 N. Y. 48; *Bd. of Suprs.* v. *State*, 153 N. Y. 279; *Matter of Green*, 166 N. Y. 492; *W. I. B. Co.* v. *Town of Attica*, 119 N. Y. 204; *O'Hara* v. *State*, 112 N. Y. 146; *Wheeler* v. *State*, 97 App. Div. 276; *A. B. N. Co.* v. *State*, 64 App. Div. 223.) Every presumption is in favor of the constitutionality of an act of the legislature. (*Matter of El. R. Co.*, 70 N. Y. 367; *People ex rel. Bolton* v. *Albertson*, 55 N. Y. 54; *Schneider* v. *City of Rochester*, 90 Hun, 176.)

O'BRIEN, J. The question certified to us upon this appeal is thus stated in the record: "Is chapter 610 of the Laws of 1903, so far as it may be construed to make the town of East Chester liable for damages sustained through change of grade made prior to the enactment of that act, unconstitutional and void?" The statute referred to enacts that the owners of land adjacent to a highway shall be entitled to recover their damages from the town for any change of grade in the highway or any repairs by the authorities of the town made under and in accordance with the provisions of § 69 of chapter 686 of the Laws of 1892. The statute last named authorizes towns and town authorities to repair, grade and macadamize highways at the expense of the town upon complying with certain conditions which were complied with in the present case. The statute referred to applies to any town in which a highway has been or hereafter shall be repaired, graded and macadamized from curb to curb.

The petitioner alleges that in March, 1901, before the passage of the act in .question, the town authorities caused the highway in front of or adjacent to his house and other buildings to be repaired, graded and macadamized, and that in consequence of the change made in the grade of the highway his property had been damaged in the sum of $3,000. He asks that commissioners be appointed under the provisions of the statute to determine the amount of his damages. The application was granted and the order affirmed at the Appellate Division, and the town has appealed to this court.

The improvement of the highway in front of the petitioner's property was, as we have seen, authorized by § 69, ch. 686, L. 1892. That act, however, made no provision for the damages that property owners might sustain by the change of grade or otherwise, and it was not until two years after the grading and improvement of the highway that there was any law under which the petitioner was entitled to assert his claim against the town for damages, and it is this retroactive feature of the law upon which the contention on the part of the town chiefly rests.

It will not be, and is not, contended that when the act of 1892, under which the change of grade was made, was enacted the legislature had not ample·power to provide for the payment of any damages which property owners might suffer from the improvement of the highway. There is not, we think, anything in the Constitution that prevents the legislature in 1903 from enacting a law that it might have enacted in 1892. When an individual is injured or damaged in his property rights by reason of a public work authorized by the legislature, there is nothing in the Constitution to prohibit the legislative body from providing for just compensation for the injury thus inflicted under its authority. While there was no legal right to damages prior to the act in question, yet the claim of the property owner to compensation for the injury was founded in equity and justice, and it was competent for the legislature to recognize the justice of such a

15

claim by making it obligatory upon the town to pay it when the amount was ascertained in due course of law.

The payment of compensation by the town to the property owners, which the statute provides for, is in no proper sense a gift or gratuity of either the money or property of the town, or a loan of its money or credit to an individual. It is simply a method which the legislature adopted to. repair an injury to an individual inflicted by the town under the authority of law, and the mere fact that the injury was suffered at a time when the property owner was without remedy could not prevent the law-making power from providing a remedy afterwards. There is no provision of the Constitution that restricts the legislature from providing for the payment by a municipality of claims against it that are founded in equity and justice and which could have been authorized originally. The claim in question is of that character. What the Constitution forbids the legislature to do is to impose upon the municipality the obligation or give it the power to make gifts or gratuities, or to loan its money or its credit for the benefit of individuals, or to devote its funds or its credit to purposes foreign to those of the particular municipality. The power to make compensation for injuries such as are claimed to have been sustained by the petitioner in this case is not restricted either in terms or by any fair implication, and so we think that the statute in question is not in conflict with any provision of the Constitution. The fair scope and purpose of the statute was to compensate for damages caused by the carrying out of a public work which the town was authorized by the legislature to inaugurate and complete at the expense of the local taxpayers, and whether provision for the payment of such damages was made in advance of the improvement or subsequently is not material.

We do not think that the statute when properly construed authorizes any new or improper rule of damages. The damages to land in such cases are to be ascertained under rules of evidence that have been well settled and are well understood. They cannot in any case exceed the diminution in the market

value of the property which may be attributed to the change of grade, and a deduction from that may be made on account of any benefits to the property in consequence of the improvement of the highway. The legislature could not have intended to permit the property owner to measure his damages by the expense of filling up or sinking his land in order to create the same relations between the grade of the highway and the adjacent land as existed before the improvement was made. That rule might in some cases call for an amount of damages in excess of the value of the whole property, and it cannot be supposed that the legislature intended to make such a rule obligatory upon the town board or the commissioners. All that the law means is that the whole situation shall be considered, and if it would cost less to the town to repair the injury than it would be liable for under the general law of damages, the commissioners or the town board may limit the property owner to such cost, but no measure of damages can be adopted that will permit the owner to recover more than the actual amount of his damages measured by the principles that prevail in condemnation proceedings, deducting all benefits which are properly chargeable to the property by reason of the improvement of the highway. The statute may be construed as permitting an award of damages less than the diminution in the market value of the property, but in no case a greater sum, since it provides for charging the owner with benefits conferred by the improvement.

The order appealed from should be affirmed, with costs, and the question certified answered in the negative.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order affirmed.