FREDERICK W. SANDER, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

RAILROADS — VIADUCT OF NEW YORK AND HARLEM RAILROAD IN FOURTH AVENUE, NEW YORK CITY — WHAT DAMAGES MAY BE AWARDED AGAINST THE STATE FOR INJURIES CAUSED THEREBY — L. 1901, CH. 729. Under the statute (L. 1901, ch. 729) authorizing the Court of Claims to award damages, to be paid by the state, to the owners of property abutting on Fourth avenue in the city of New York, for injuries caused by the change in grade and erection of the viaduct of the New York and Harlem railroad, the award should not include any damages for which any railroad corporation is or may be liable; and the date on which the railroad companies began to run their trains over the viaduct having been fixed as being February 16, 1897, it is reversible error for the Court of Claims, on the trial of a claim against the state, to admit, against objection, evidence showing diminution in rental value, subsequent to that date, whether caused by the viaduct or by the running of trains.

*Sander* v. *State of New York*, 90 App. Div. 618, reversed.

(Argued June 15, 1905; decided October 3, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered April 1, 1904, affirming a judgment in favor of plaintiff entered upon an award of the Court of Claims.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julius M. Mayer, Attorney-General,* for appellant. The judgment below was wrong in that it included in the award damages resulting from the operation of the trains after February 16, 1897. (*Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y.

270.) Errors were committed by the trial court in the reception of testimony. (*Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270.) The claimant cannot recover, because he has a cause of action against the railroad corporation or corporations for any damage which he claims. (*Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270; *Keirns* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 642.) The original charter of the New York and Harlem Railroad Company provided that the legislature may, at any time, alter, amend, modify or repeal the charter. The state is not liable, because chapter 339 of the Laws of 1892 must be construed as an amendment of the original charter. (*People* v. *O'Brien*, 111 N. Y. 51.) The facts proven upon the trial herein do not make out a case against the state which would create a liability were the same established in evidence, in a court of law or equity, against an individual or a corporation. (*Roberts* v. *State*, 160 N. Y. 217; *Cayuga Co.* v. *State*, 153 N. Y. 279.)

*Frank S. Black, James C. Busby* and *Henderson Peck* for respondent. No damage caused by the use of the viaduct is awarded to the claimant by the judgment herein. (*Bates* v. *Holbrook*, 89 App. Div. 566; *Bean* v. *Carlton*, 51 Hun, 318; *Wakeman* v. *Wheeler & W. Mfg. Co.*, 101 N. Y. 209.) The appellant's point as to errors in the reception of evidence is not well taken. (*Young* v. *Valentine*, 177 N. Y. 357; *Wyse* v. *Wyse*, 155 N. Y. 372; *Matter of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 347; *Hine* v. *R. R. Co.*, 140 N. Y. 154; *Quin* v. *Lloyd*, 41 N. Y. 349, 355; *Pontius* v. *People*, 82 N. Y. 347; *People* v. *Chacon*, 102 N. Y. 671; *Drucker* v. *M. R. Co.*, 106 N. Y. 164; *Miller* v. *Montgomery*, 78 N. Y. 286; *H. P. Co.* v. *S. I. Co.*, 157 N. Y. 441.) No railroad corporation or corporations are liable for the damages claimed by respondent in this action. (*Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270.) The facts proved by the claimant herein make out a case against the state which would create a lia-

26

bility were the same facts established in evidence against an individual or a corporation. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Williams* v. *B. E. R. R. Co.*, 126 N. Y. 101.)

CULLEN, Ch. J.    This is a claim made against the state by an abutting owner for damages caused to his property by the elevation of the tracks of the New York and Harlem Railroad Company on Park or Fourth avenue in New York city. This improvement has been the occasion of so much litigation, which has reached not only this court but the Supreme Court of the United States, full details of which are found in the reports, that it is now necessary to refer only to the particular questions presented by this appeal. In the case of *Lewis* v. *New York & Harlem R. R. Co.* (162 N. Y. 202) this court, while holding the railroad company liable for damage to abutting property caused by the maintenance of the viaduct and the operation of the trains thereon, decided that such liability on the part of the railroad company commenced only when it entered upon and used the structure. That decision was made in February, 1900. The next year the legislature enacted chapter 729 of the Laws of 1901, which authorized the presentation to and allowance by the Court of Claims to property owners of claims for damages suffered by the improvement made on Park avenue. This authority was subject to two qualifications, *first*, that the award should not include any damages for which any railroad corporation was or might be liable; *second*, that the facts proved should be such as to make out a case of liability were the state a corporation or private individual. Under this statute the Court of Claims, by a divided court, has awarded the respondent a judgment for the diminution of the rental value of his premises occasioned by the improvement, and that judgment has been affirmed by the Appellate Division.

While we feel constrained to reverse the judgments below on account of an error committed by the trial court in the award of damages, which we will point out later, we think it proper to first dispose of several objections interposed by the

learned attorney-general to the right of the respondent to
recover at all. In the first instance it is contended that the
case proved established no liability on the part of the state;
that, therefore, it did not fall within the terms of the statute;
that its allowance would be a mere gratuity forbidden by
sections 9 and 10 of article 8 of the Constitution. In support
of this claim it is urged that the state in improving the street
trespassed on no property rights of abutting owners and that
the erection of the viaduct gave such owners no right to com-
pensation. It is true that such was the doctrine held by this
court in the cases of *Fries* v. *New York & Harlem R. R.
Co.* (169 N. Y. 270); *Muhlker* v. *New York & Harlem R.
R. Co.* (173 N. Y. 549) and *Keirns* v. *New York & Harlem
R. R. Co.* (173 N. Y. 642). But on appeal to the Supreme
Court of the United States the *Muhlker* case, with several
others which followed that decision, was reversed, the
Supreme Court holding that under the decisions of this court
in the elevated railroad cases abutting owners had special
easements in a street, an invasion of which by the erection of
a viaduct, without compensation for such invasion, was taking
property without due process of law in contravention of the
Federal Constitution. Of course, with the decision of the
Supreme Court in the *Muhlker* case our own decisions in the
cases cited have ceased to be authorities. Were further
answer necessary it may also be said that in the recent case of
*Matter of Borup* (182 N. Y. 222) we have upheld the con-
stitutionality of a law directing a town to make compensa-
tion for a previous change of grade in a highway, although at
the time the change was made there was no liability on the
part of the town for the damage occasioned thereby.

It is next contended that whatever liability may have
existed for the trespass on the respondent's property rights,
that liability was on the part of the city, not on the part of the
state. This position also is not well taken. In the *Lewis*
case Judge VANN said on this subject: "The state created a
board of experts and required them to make the improvement
for the benefit of the public, giving them absolute control

with no right on the part of the defendants to let or hinder. * * * The change of grade in front of the plaintiff's premises was not only for a public purpose but was wholly in the interest of the public and not for the benefit of the defendants who had no power to prevent it. They simply paid one-half of the expense by command of the statute, and, hence, under compulsion of law. They are not liable for the acts of the Park avenue board, which was not their agent, but a governmental agency of the state." It is true that in the case then before the court the question of liability between the state and city did not arise. But the statement of Judge VANN that the Park avenue board was a governmental agency of the state was well justified both on principle and on authority. The liability on the part of a municipality, even for the acts of municipal officers, occurs only when the acts are done in the discharge of a duty or a function imposed upon the municipality itself as such. Thus, a municipality is not liable for the negligent acts of the employees of the city department of charities, for the support and care of the poor is not a municipal, but a governmental function. (*Maximilian* v. *Mayor, etc., of New York*, 62 N. Y. 160.) In *New York & Brooklyn Sawmill Co.* v. *City of Brooklyn* (71 N. Y. 580) commissioners appointed under an act of the legislature to improve the Gowanus canal, and to cause the sides thereof to be docked and the expense to be assessed on adjacent property owners, had so negligently done the work that the docks sunk and became unfit for use. Thereafter by another act of the legislature the common council of the city were required to cause the docks to be rebuilt at the expense of the city. An action was brought against the city for the failure of the common council to comply with this legislative mandate. It was held that the duty to rebuild the docks was imposed, not on the city, but upon the common council as agents of the state and that the city was not liable for the default of the common council. So in the case before us while it is doubtless true that the legislature might have imposed upon the city the duty of making the Park avenue improvement, as a matter

of fact it did not, but imposed the duty upon a specially created board of officers or commissioners who were not agents of the city and for whose acts the city was not liable.

Finally it is contended that the railroad companies were responsible for all the damage caused to the abutters from the time the work was commenced. To this claim the decision in the *Lewis* case is a conclusive answer. It was there held, as appears by the quotation from Judge VANN's opinion already given, that the railroad companies became liable for the trespass on the property rights of the abutters only from the time they entered upon and used the viaduct which caused that trespass. Till that time the trespass was solely caused by the action of the state commissioners or agents. It is urged that the state under its reserved power to amend the charter of the railroad company might have compelled the company to do the work. Possibly this may be so, but it is unnecessary to discuss the question. It is sufficient to say the state did not require the railroad company to do the work, but did it itself.

We are now brought to the error made by the Court of Claims in its award of damages. Under our view of the law and our construction of the statute the state was liable for any damages inflicted on claimant's property up to the time the railroad companies began to run their trains over the viaduct. This date is fixed, not only in this record but in other litigations, as being February 16th, 1897. Testimony was admitted, some of it against the objection and exception of the state, showing diminution in rental value subsequent to the date mentioned. This was plain error. The learned counsel for the appellant contends that the error was rendered harmless and cured by the withdrawal by the respondent of any claim for damages subsequent to February 16th, 1897. It such withdrawal had been made we agree with the counsel that it would have cured the error. But the difficulty is, the withdrawal was not as broad as claimed. The respondent had sold and conveyed the property, the injury to which is the subject of the suit, on April 29th, 1898, and his claim was

necessarily limited to damages accruing prior to that time. At the close of the evidence the following colloquy between the court and counsel occurred :

"Mr. Bushby : If the Court please, the claimant desires to have it appear on the record that no claim is made in this case for any injury to his property caused by the operation of trains on the completed viaduct in so far as those trains were operated by the railroad company.

"Judge Saxton : Now, what do you mean by the completed viaduct, the operation of the trains after April 30th ?   Of course it will be claimed here probably that the viaduct was completed in 1897, as we take it.

"Mr. Bushby : We will make that a little different if your Honor please, so as to make it perfectly clear and will strike out the last.   The claimant states that in this case he makes no claim for injury to his property by the operation of trains on the metallic viaduct subsequent to February 16, 1897.

"Mr. Stevens : That is to meet the enabling act, is it not?

"Mr. Bushby : Yes, sir.

"Judge Saxton : Then what do you claim?

"Mr. Bushby : We claim damages from the existence of the viaduct ; we say that the viaduct depreciated the rental value of the property up to 1896, and that depreciation continued down to 1898, but it was further accentuated by the operation of the trains.   Now, that further decline from 1896 to 1898 we could not recover for under this stipulation.

"Judge Saxton : We understand that there is no claim at all for the continuing of this viaduct after April 29, 1898 ?

"Mr. Bushby : That is correct."

From this colloquy it seems to us very clear that the respondent did not withdraw all claim for damages occurring subsequent to February 16, 1897, but only his claim for increased damages caused by the operation of the trains on the viaduct, as distinguished from the damage caused by the presence of the viaduct itself, and that he claimed compensation for such last-mentioned damage up to the time he parted with the property on April 29th, 1898.   Now, it may be that

if the person who erected the unlawful structure (unlawful as against abutters) had been any one else than the state, he would have remained liable for the damages caused by the structure until the structure was removed or compensation made for the property rights affected thereby.    It may also be that in a certain sense the state continued liable the same as a private corporation would have been.    But whatever may have been its liability, the state being sovereign could be sued only by its own consent.    By the statute of 1901 it has consented to suit against it for the damage inflicted on property abutting on Fourth or Park avenue only to a limited extent; that is to say, only till the time at which the railroad company either alone or as well as the state became liable for the trespass.    Now, as appears by the *Lewis* case, from February 16th, 1897, when the railroad companies took possession of the viaduct and ran trains thereon, they became liable not only for the damage caused by the mere operation of the trains, but for the whole damage occasioned subsequent to that time by the maintenance of the structure, as well as by the operation thereon of the cars and engines.    The award of damages made to the plaintiff covers a period of only five years; hence, the allowance of damage from February 16th, 1897, to April 29th, 1898, fully a fifth of that period, constitutes a substantial error that cannot be disregarded.    For this error we feel constrained to reverse the judgments below and direct a new trial.

The judgment of the Appellate Division and of the Court of Claims should be reversed and a new trial granted, costs to abide the event.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.