WALLACH v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

EMINENT DOMAIN—RAILROADS—OCCUPATION OF STREETS—ABUTTING OWNERS —DAMAGES.

Where a stone embankment in a city street on which a railroad was constructed, was increased in height as authorized by Laws 1892, p. 694, c. 339, and the maintenance of such embankment at its increased height and the operation of the road thereon thereafter caused damages to plaintiff's adjoining premises over and above the damages caused by the railroad as the same was used prior to the change, such change constituted a taking of plaintiff's property, for which she was entitled to damages.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 304.]

Appeal from Special Term, New York County.
Action by Selina Wallach against New York & Harlem Railroad

Company and another.   From a judgment of the special term, dismissing the complaint on the merits, plaintiff appeals.   Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Bushby & Bushby (James C. Bushby, of counsel), for appellant.
Ira A. Place (Alexander S. Lyman, of counsel), for respondents.

CLARKE, J.   This action was brought for an injunction and damages with reference to the plaintiff's premises known as No. 1505 Park avenue, situated on the east side of said avenue, distant 75 feet, 8 inches southerly from the southerly side of 110th street in the city of New York, by reason of the changes in the viaduct railroad structure of the defendants, carried out under the provisions of chapter 339, p. 694, of the Laws of 1892 and amending acts.   The judgment was entered July 7, 1902, upon a decision filed June 28, 1902. The learned trial court stated in the decision:

"Pursuant to chapter 339, p. 694, of the Laws of 1892, the stone embankment upon which the defendants' railroad in Park avenue was previously operated was increased in height about 11 feet, and since February 16, 1897, the defendants have operated their railroad upon said embankment, increased in height as aforesaid.  The work done in Park avenue pursuant to chapter 339, p. 694. of the Laws of 1892, and the maintenance of said embankment at said increased height, and the operation of the defendants' railroad thereon since February 16, 1897, have caused damage to the plaintiff's said premises, over and above the damages caused by the said railroad as the same was maintained and used prior to 1892; but all of said damages comes within the legal principle of damnum absque injuria, and no one of the defendants is liable therefor."

And judgment was entered thereon dismissing the complaint on the merits, and with costs.   For this decision the court had the direct and controlling authority of Fries v. New York & Harlem R. R., 169 N. Y. 270, 62 N. E. 358, decided in December, 1901.   But the doctrine of the Fries Case was overruled in Muhlker v. N. Y. & H. R. R. Co., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872, and in Sander v. State of New York, 182 N. Y. 400, 75 N. E. 234, Chief Judge Cullen said:

"But on appeal to the Supreme Court of the United States, the Muhlker Case, with several others which followed that decision, was reversed, the Supreme Court holding that under the decisions of this court in the elevated railroad cases, abutting owners had special easements in a street, an invasion of which by the erection of a viaduct, without compensation for such invasion, was taking property without due process of law in contravention of the federal Constitution.  Of course, with the decision of the Supreme Court in the Muhlker Case, our own decisions in the cases cited have ceased to be authorities."

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.