STRAUS et al. v. AMERICAN PUBLISHERS' ASS'N et al.

(Supreme Court, Appellate Division, First Department.   July 8, 1908.)

Appeal from Special Term.

Action by Isidor Straus and another against the American Publishers' Association and others.   From a judgment for defendants, plaintiffs appeal.   Affirmed.

See 103 App. Div. 277, 92 N. Y. Supp. 1052.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Edmond E. Wise, for appellants.
Stephen H. Olin, for respondents.

PER CURIAM.   Affirmed, on authority of 177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701, 101 Am. St. Rep. 819.

INGRAHAM, J. (dissenting).   When this action was before this court on an appeal from a judgment sustaining a demurrer to the complaint (85 App. Div. 446, 83 N. Y. Supp. 271), we held that the contracts between the defendants were in violation of section 1, c. 690, p. 1514, of the Laws of 1899, and were, under the provisions of that act, "against public policy, illegal, and void."   In discussing the agreement, we stated that all books published, whether copyrighted or not copyrighted, were articles or commodities of common use, within the provisions of this statute.   Upon an appeal to the Court of Appeals (177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701, 101 Am. St. Rep. 819) that judgment was affirmed.   In discussing the question presented, however, the court expressed the opinion that the effect of the copyright statute of the United States was to give to the owner of the copyright such a monopoly in the sale of copyrighted books that he could make any agreement restricting the sale of the books by others to whom the owner of the copyright had sold them without being subjected to the regulations of the various states in relation thereto; Chief Judge Parker saying:

"A combination creating a monopoly of the sale of books not protected by copyright offends against the law of this state as much as if it related to bluestone (Cummings v. Union Blue Stone Co., 164 N. Y. 401, 58 N. E. 525, 52 L. R. A. 262, 79 Am. St. Rep. 655), or to envelopes (Cohen v. Berlin & Jones Envelope Co., 166 N. Y. 292, 59 N. E. 906), and according to this complaint, which must be accepted as true on this review, such an outcome is not only possible, but probable.   But it is not of moment whether such a result is probable or not; for the test to be applied is, what may be done under the agreement?"

In relation to copyright books, however, the court applied what it understood to be the rule of the Supreme Court of the United States as applied to patented articles, saying:

"The very object of these laws is monopoly, and the rule is, with few exceptions, that any conditions which are not in their very nature illegal with regard to this kind of property, imposed by the patentee and agreed to by the licensee, for the right to manufacture or use or sell the article, will be unheld by the courts.   The fact that the conditions in the contracts keep

up the monopoly or fix prices does not render them illegal. That reasoning is employed as to patent rights. It is equally applicable to copyrights, the protection of which was perhaps the leading object of the association and agreement attacked in this action."

In an action brought in the Circuit Court of the United States by the Bobbs-Merrill Company (28 Sup. Ct. 722, 52 L. Ed. ——), who was a party to these agreements, to enforce the right of the owner of a copyrighted book to impose a condition as to the price at which the book should be resold by the purchaser, the court, as I read its opinion, held that under the copyright statutes of the United States, when once the owner of the copyright had "vended" the books, the owner of the copyright had no further control over them. In that case the court said:

"It is the contention of the appellant that the Circuit Court erred in failing to give effect to the provision of section 4952 (U. S. Comp. St. 1901, p. 3406), protecting the owners of the copyright in the sole right of vending the copyrighted book or other article, and the argument is that the statute vested the whole field of the right of exclusive sale in the copyright owner; that he can part with it to another to the extent that he sees fit, and may withhold to himself, by proper reservations, so much of the right as he pleases. * * * It is not denied that one who has sold a copyrighted article without restriction has parted with all right to control the sale of it. The purchaser of a book, once sold by authority of the owner of the copyright, may sell it again, although he could not publish a new edition of it. * * * The precise question, therefore, in this case is: Does the sole right to vend (named in section 4952) secure to the owner of the copyright the right, after a sale of the book to a purchaser, to restrict future sales of the book at retail, to the right to sell it at a certain price per copy, because of a notice in the book that a sale at a different price will be treated as an infringement, which notice has been brought home to one undertaking to sell for less than the named sum? We do not think the statute can be given such a construction, and it is to be remembered that this is purely a question of statutory construction. * * * In our view, the copyright statutes, while protecting the owner of the copyright in his right to multiply and sell his production, do not create the right to impose, by notice such as is disclosed in this case, a limitation at which the book shall be sold at retail by future purchasers, with whom there is no privity of contract."

It thus having been determined that the copyright statutes do not give to the owner of the copyright the right to regulate the future sale of the book covered by the copyright after he has sold it to a third person by a notice reserving to itself the right to regulate its sale, it would seem that the copyright statutes do not authorize the owner of the copyrighted books to enter into an agreement, whereby the future sale of the book would be restricted, which is in violation of the statutory law of a state regulating contracts or agreements which may be entered into by its citizens in relation to the sale or disposition of property of such a character; and as the basis upon which the Court of Appeals discriminated between books protected by copyright and books not so protected was the protection or right given to the owners of a copyright by the copyright statutes of the United States, and as the Supreme Court of the United States has held that no such right existed, it seems to me that the distinction which it was thought existed between copyright books and those not protected by a copyright does not exist, and that when the decision

of a question by the Court of Appeals depends upon the construction of a federal statute, and the Supreme Court of the United States has decided that question differently from that assumed by the Court of Appeals that court has distinctly recognized that its decisions have "ceased to be authorities." Sanders v. State of New York, 182 N. Y. 400, 75 N. E. 234.

Applying the decision of the Court of Appeals and of the Supreme Court of the United States, I think that the agreements relating to copyrighted books were "against public policy, illegal, and void," as well as such agreements when relating to books not protected by a copyright.

McLAUGHLIN, J. (concurring). When this case was before the court on a former appeal from an interlocutory judgment sustaining a demurrer to the complaint (85 App. Div. 460, 83 N. Y. Supp. 271), I was of the opinion that the agreement in question, in so far as it related to copyright books, did not violate section 1, c. 690, p. 1514, of the Laws of 1899; and it seems from the opinion delivered by Chief Judge Parker that the Court of Appeals entertained the same view. 177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701, 101 Am. St. Rep. 819. The recent decision of the Supreme Court of the United States in Bobbs-Merrill Co. v. Straus et al., 28 Sup. Ct. 722, 52 L. Ed. ——, is to the effect, as I read the opinion of Mr. Justice Day, that this view is erroneous, and for this reason I concur in the opinion of Mr. Justice INGRAHAM.