(134 App. Div. 480.)

PEOPLE ex rel. CITY OF NEW YORK v. STILLINGS et al.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. MUNICIPAL CORPORATIONS (§ 398*)—CHANGE OF STREET GRADE—COMPENSATION—PERSONS ENTITLED.

    The person who is damaged by a change of grade of an adjoining highway, so as to be entitled to compensation, is the one who owns the property when the change is made.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 953–956; Dec. Dig. § 398.*]

2. MUNICIPAL CORPORATIONS (§ 377*)—GROUNDS FOR COMPENSATION—CHANGE OF STREET GRADE.

    The right to damages caused by change of grade of a public highway is purely statutory, and is based on the moral obligation of the city changing the grade to pay the resulting damage to abutting owners.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 914; Dec. Dig. § 377.*]

3. MUNICIPAL CORPORATIONS (§ 871*)—CHANGE OF STREET GRADE—COMPENSATION—STATUTORY PROVISIONS—VALIDITY.

    Laws 1905, p. 2116, c. 747, providing that the owner of property affected at the time of the enactment of Laws 1893, p. 1156, c. 537, as amended by Laws 1894, p. 1307, c. 567 (Act May 9, 1894), providing for damages suffered by the change of grade of streets by a city, shall be entitled to the award of the commissioners, is unconstitutional, as making a gift of city funds, in so far as it awards damages to one who acquired the property after the grade was changed.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1817; Dec. Dig. § 871.*]

Certiorari by the People, on the relation of the City of New York, against William E. Stillings and others, as commissioners, etc., and Walter W. Tinsley, to review the action of the commissioners in awarding damages for a change of grade. Writ awarded, and determination of commissioners set aside.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1 07 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and INGRAHAM, HOUGH-TON, McLAUGHLIN, and SCOTT, JJ.

Stephen O'Brien, for relator.

George F. Stiebling, for defendants.

SCOTT, J.    This is a proceeding by certiorari to review the action of the commissioners appointed pursuant to chapter 537, p. 1156, Laws 1893, and the laws amendatory thereof, known as "change of grade damage commissioners." The particular action sought to be reviewed is the award to the respondent Walter W. Tinsley of substantial damages for the injury caused to a certain parcel of land owned by him in consequence of the change of grade of Rider avenue. Tinsley became the owner of the property in 1893; the change of grade for which the award has been made having been effected in 1889. He therefore acquired the property in its damaged condition.

The authority for making the award is found in chapter 747, p. 2116, Laws 1905, which reads in part as follows:

"The owner of the property affected at the time of the enactment of chapter five hundred and thirty-seven of the Laws of Eighteen Hundred and Ninety-Three, as amended by chapter five hundred and sixty-seven of the Laws of Eighteen Hundred and Ninety-Four, being the ninth day of May, eighteen hundred and ninety-four, shall be entitled to the award of said commissioners, if any such be made."

This act by its letter would justify an award to Tinsley; but the relator contends that, in so far as it purports to allow an award of damages to one who became an owner of the property after the damage had been done, it is unconstitutional, in that it undertakes to make a gift or give a gratuity out of the funds of the city. If real property be damaged by the change of grade of an adjoining highway, it is manifest that the person who suffers the damage is the one who owns the property at the time the grade is changed, and, if compensation is to be paid therefor, it is he who should be compensated. This principle has frequently been applied where property has been injured by some public improvement. Johnson v. Pettit, 120 App. Div. 774, 105 N. Y. Supp. 730; King v. Mayor, etc., 102 N. Y. 171, 6 N. E. 395; Holloway v. Southmayd, 139 N. Y. 409, 34 N. E. 1047, 1052.

Damages for a change of grade are purely statutory, and are supported by the consideration that there is a moral obligation on the part of a municipal corporation that has changed the grade of a highway to pay the damage caused thereby to abutting owners; but, as this court has already said:

"There certainly was no such moral obligation to pay persons who had acquired the property after the change of grade, and after the damage had been sustained, as would justify the municipal corporation in appropriating money raised by taxation to pay a sum of money for the damage that the property had sustained before they had acquired title." People ex rel. Stephens v. Phillips, 88 App. Div. 560–564, 85 N. Y. Supp. 200.

Matter of Borup, 182 N. Y. 222, 74 N. E. 838, 108 Am. St. Rep. 796, is not to the contrary. In that case the act allowing compensation was passed after the damage had been done; but the parties to be compensated were those who owned the property when the damage

was inflicted upon it. Whatever damage was done to the property in question here was done when the grade was changed. The respondent Tinsley acquired it afterwards, and the act, in so far as it undertakes to provide for an award to him for an injury which he did not suffer, is clearly unconstitutional.

The writ must therefore be sustained, and the determination of the commissioners set aside. All concur.