PEOPLE ex rel. CENTRAL TRUST CO. OF NEW YORK v. STILLINGS et al.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

1. EMINENT DOMAIN (§ 101*)—USE AND REGULATION OF PUBLIC PLACES—STREETS—CHANGE OF GRADE.

At common law the owner of land abutting upon a public street was not entitled to consequential damages for injury from a lawful change in the grade of the street.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

2. EMINENT DOMAIN (§ 247*)—COMPENSATION—DAMAGES—INTEREST.

The theory of the law of condemnation is that payment for the land taken shall be coincident with the taking, and if for any reason payment is postponed the right to interest from the time that payment ought to have been made follows as a matter of strict constitutional right.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638-643; Dec. Dig. § 247.*]

3. MUNICIPAL CORPORATIONS (§ 395*)—AWARDS FOR CHANGE OF GRADE OF STREET—INTEREST.

Under the general rule that a statute creating a special liability, in which the subject of interest is ignored, does not authorize a recovery of interest, a person awarded damages for a change in the grade of a street, under Laws 1893, c. 537, providing for the awarding of such damages, but making no provision for interest on the award, was not entitled to interest.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 947; Dec. Dig. § 395.*]

Certiorari by the People, on the relation of the Central Trust Company of New York, as substituted trustee under the last will of Jason Rogers, deceased, to review the proceedings of William E. Stillings and others, as commissioners. Decision of commissioners affirmed, and writ dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Barclay E. V. McCarty, for relator.
Stephen O'Brien, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J.   The relator, by this writ of certiorari, brings up for review an award made by the change of grade damage commissioners appointed under chapter 537, Laws 1893.   The change of grade for which damages have been awarded was established in 1889, and physically effected before September 15, 1893.   The first claim was filed by relator's predecessors in interest on November 25, 1893, and a second amended claim was filed on July 28, 1905.   The delay in arriving at an award has been due to a doubt whether the claim was within the act above cited, and the matter was allowed to rest pending the determination of a test case.   People ex rel. Astor v. Stillings, 124 App. Div. 195, 108 N. Y. Supp. 903.

The relator raises but a single objection touching the award, and that is that the commissioners should have included in the award interest upon the amount of damage found to have been suffered by the change of grade.   That they did not include such interest is specifically stated in their return.   At common law the owner of land abutting upon a public street is not entitled to consequential damages for the injury he may suffer by reason of a lawful change in the grade of the street upon which his property abuts.   Radcliff's Ex'rs v. Mayor, etc., 4 N. Y. 195, 53 Am. Dec. 357; Sauer v. City of New York, 206 U. S. 536, 27 Sup. Ct. 686, 51 L. Ed. 1176.   From an early date the Legislature of this state has made provision for the apparent injustice which might at times result from the application of this rule. Laws 1852, c. 52; Laws 1877, c. 454; Laws 1882, c. 410, §§ 873, 874. In consequence of the many changes of grade rendered necessary in that part of the city of New York now known as the borough of the Bronx, comprising the Twenty-Third and Twenty-Fourth wards, consequent upon the depression of the tracks of certain railways traversing the district, and the remapping of the territory to better adapt it to urban uses, the Legislature passes the act first above cited (chapter 537, Laws 1893), providing for the ascertainment and payment by the city of New York of the consequential damage suffered, in certain cases, by the owners of abutting property by reason of the change of grade of streets and avenues.   The act authorized the appointment of three commissioners of appraisal and provided that:

"All persons owning lands, tenements and hereditaments" in certain streets and avenues, "who have sustained damages by reason of a change of grade" of certain streets and avenues   *   *   *   "shall be entitled to prove and recover the same from the mayor, aldermen and commonalty of the city of New York as hereinafter provided."

Section 3 provides that:

"It shall be the duty of said commissioners   *   *   *   to award such damages   *   *   *   as shall be under the circumstances, and on the evidence presented, just and equitable, and they shall, in determining such relief, consider the fair value of the work done, or necessary to be done in order to place the claimant's land or buildings or both in the same relation to the changed grades as they stood to the former grade and make awards accordingly."

The liability thus imposed upon the city of New York is purely statutory, depending upon no contract by the city or tortious act upon its part.   It has been imposed purely in recognition of what has been considered a moral obligation to provide for a just and equitable claim,

not provided for at common law. Matter of Borup, 182 N. Y. 222, 74 N. E. 838, 108 Am. St. Rep. 796. It is a general rule that, under a statute creating a special liability, in which the subject of interest is ignored, interest is not recoverable. Am. & Eng. Ency. of Law, vol. 16, p. 996, and cases cited. The present case falls within the reason of the rule, because when the Legislature determined to grant a right of recovery, where no such right existed at common law, it was entirely free to restrict the amount of damage as it saw fit. The relator recognizes the force of·this rule, and concedes that no interest can be recovered unless authority therefor can be found in the act itself. It is argued, however, that the purpose of the act is to give complete compensation or indemnity to the landowner who has suffered damage, and that this cannot be done unless to the actual damage suffered at the time the grade is changed is added interest upon that sum until the time of payment. The act, however, does not use the word "compensation" or "indemnity," or any words equivalent thereto. It provides for the payment of "damages," obviously meaning thereby the damages suffered at the time the change of grade is made. People ex rel. City of New York v. Stillings, 134 App. Div. 480, 119 N. Y. Supp. 298.

When the Legislature provided the machinery for ascertaining the damages, it must have realized that the payment of the amounts awarded would follow only after some interval after the infliction of the injury, and it is not without significance that neither in the orignal act, nor in the numerous acts amending it, has any specific provision been made for the inclusion in the awards of interest upon the damages. An analogy is sought to be drawn between the case of an injury resulting from a change of grade, and the case of the acquisition of land by condemnation. In truth, there is no analogy whatever. The very ground upon which rested the common-law rule that consequential damages resulting from a change of grade could not be recovered was that no property of the abutting owners was taken or appropriated. The theory of the law of condemnation is that payment for the land taken shall be coincident with the taking, and if for any reason payment is postponed the right to interest from the time· that payment ought to have been made follows as a matter of strict constitutional right. Matter of Mayor, etc., 40 App. Div. 281, 58 N. Y. Supp. 58.

In a case like the present no right to payment exists except at the time fixed by the Legislature, to wit, when the commissioners, having heard the evidence, have made and filed their award. By section 6 of the act of 1893 it is only then that the damages become a charge against the city. Nor is the present case in any wise analogous to those cases of torts in which interest is allowed as part of the damages, or to contracts for the payment or reimbursement of money, or to cases in which the law provides for a "refund" of money illegally exacted, like Matter of O'Berry, 179 N. Y. 285, 72 N. E. 109. In each of those classes of cases the right to recovery rests upon a totally different basis from that which underlies the relator's right, and is governed by totally different rules.

We are referred to authorities in other jurisdictions which seem

to hold with the relator's contention. They are not controlling upon us, and in some of them, at least, the question arose under different constitutional provisions than those which obtain in this state, or under different circumstances from those present here. It seems to be a complete answer to the relator's claim to say that its right to recover damages at all rests solely upon the statute, that the statute does not in terms provide for the allowance of interest as part of the award, and that there is nothing in its language or in the reason for its enactment which justifies the construction that when the Legislature said "damages" it meant "damages and interest thereon."

It follows that the decision of the commissioners, so far as called in question by this proceeding, should be affirmed, and the writ dismissed, with $50 costs and disbursements. All concur.

