## In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Special Term, Westchester County. January 27, 1912.)

EMINENT DOMAIN (§ 265*)—ADDITIONAL ALLOWANCES—STATUTES—"SUBJECT-MATTER INVOLVED."

Under the statute (Laws 1905, c. 724, § 32) authorizing the acquisition by the city of New York of land for a water supply, and providing for allowances for counsel fees "not in excess of Code Civ. Proc. § 3253," and section 3254, providing for an additional allowance of not more than 5 per cent. on the value of the subject-matter, the allowance must be computed on the award of the commissioners, without reference to interest under the statute from the date of the vesting of the title in the city; the "subject-matter involved" at the time of the appointment of the commissioners and the beginning of their work being the market value of the property at the time it was taken and the title vested in the city.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 7, pp. 6711, 6712.]

Application by the Board of Water Supply of the City of New York to acquire real estate. Additional allowance calculated on the award made by the commissioners and confirmed by the court, without reference to interest allowed.

Archibald Watson, for petitioner.
Lindsay, Kalish & Palmer, for claimant.

TOMPKINS, J. I am asked on this application, which is made on behalf of the owner, to whom an award of $20,350 was made, for an additional allowance of 5 per cent. upon said award, and also upon the interest upon the said award, which, under the statute, the owner will be entitled to receive from the date of the vesting of the title .

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the city; and this application raised for the first time the question whether the interest may be added to the award made by the commissioners for the purpose of the making of an additional allowance.

The statute (Laws 1905, c. 724, § 32) under which this proceeding was brought provided that the court may make allowances for counsel fees, and that "such allowances shall in no case exceed the limits prescribed by section 3253 of the Code of Civil Procedure," and that section and the succeeding section, which must be read with it, limit such an allowance to the sum of $2,000, and shall be upon the "value of the subject-matter involved." "The subject-matter involved," when the commissioners were appointed and began their work, was the market value of the property at the time the property was taken and the title vested in the petitioner by the filing of the oaths of office of the commissioners. The statute provides that the owner shall receive, in addition to the award that the commissioners may make, interest thereon from the date that the title vests in the petitioner. Presumably that is to compensate the owner for the loss of his property between the time that it is taken from him and the date of the payment of the award; but the payment of that interest does not alter the fact that "the amount involved" at the beginning of the proceeding is the market value of the property at the time the title is vested in the petitioner.

My conclusion is that the 5 per cent. allowance must be calculated upon the award made by the commissioners and confirmed by the court, without reference to the interest that may be payable thereon under the statute. I am therefore making an allowance of 5 per cent. upon the award of $20,350, and will also allow for disbursements and expenses the amount that I understand has been agreed upon by counsel.