PEOPLE ex rel. VOLKENING v. PRENDERGAST, Comptroller.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. MUNICIPAL CORPORATIONS (§ 398*)—CHANGE OF GRADE OF STREETS—DAMAGES TO ABUTTING PROPERTY—RIGHT TO RECOVER.

Under Laws 1905, c. 747, providing that the owner of property affected at the date of the enactment of Laws 1893, c. 537, as amended by Laws 1894, c. 567, providing for the payment of damages caused by changing grade of streets, shall be entitled to the award of the commissioners, an owner to be entitled to an award must be the owner of the property damaged at the time the change of the grade was made and at May 9, 1894, the date of the enactment of the law of 1894; the object of the Law of 1905 being to give permission to enforce claims dependent on ownership of the land damaged on the date of the enactment of the law of 1894.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 953–957; Dec. Dig. § 398.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 377*)—CHANGE OF GRADE OF STREETS—RIGHT
TO DAMAGES.

At common law, one could not recover damages to property abutting on
a street caused by a change of grade, but the right is wholly statutory.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
914, 915; Dec. Dig. § 377.*]

3. MUNICIPAL CORPORATIONS (§ 378*)—CHANGE OF GRADE OF STREETS—RIGHT
TO DAMAGES.

The Legislature, granting to owners of property abutting on a street
the right to recover damages caused by a change of grade, may make the
right and the remedy to enforce it dependent on conditions, and it may
limit the remedy to those owning property at a specified time.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
916; Dec. Dig. § 378.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Henry Volkening, as
executor, against William A. Prendergast, Comptroller of the City
of New York. From an order directing the issuance of a peremptory
writ, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN,
CLARKE, SCOTT, and DOWLING, JJ.

Charles J. Nehrbas, Asst. Corp. Counsel, of New York City, for
appellant.

Thomas F. Gilroy, of New York City, for respondent.

McLAUGHLIN, J. The relator's testatrix on May 10, 1889, ac-
quired title to certain real estate in the city of New York designated
on the tax maps of the city as "block No. 2414, lots Nos. 1, 3, 4, 5,
6, 7, 8 and 9." Some time in 1892 she conveyed the title to all of the
lots to one Algie by a deed of conveyance which was recorded in the
register's office of the county of New York on October 18th of that
year. The lots abutted on Morris avenue, the grade of which was
physically changed in 1891, and while she held the title.

On July 31, 1905, pursuant to chapter 537 of Laws of 1893, as
amended by chapter 567 of Laws of 1894 and chapter 747 of Laws
of 1905, she filed with the Comptroller and the Corporation Counsel
of the City of New York a claim for damages to the lots referred to
by reason of the change of grade of the avenue, and on January 26,
1911, the Change of Grade Damage Commission awarded to the re-
lator for the damages sustained by his testatrix the sum of $800, the
payment of which, together with the accrued interest thereon, was
on February 16, 1911, duly demanded from the appellant as Comp-
troller of the city. The payment was refused, and thereupon a mo-
tion was made for a peremptory writ of mandamus to compel the
Comptroller to make it. The motion was granted, and he appeals
from the order.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] I am of the opinion that the Comptroller was justified in refusing to make the payment. Chapter 747 of Laws of 1905 provides, among other things, that:

"The owner of the property affected at the date of the enactment of chapter 537 of Laws of 1893, as amended by chapter 567 of Laws of 1894, shall be entitled to the award of said commissioners, if any such be made."

The relator's testatrix, while the owner of the lots at the time the grade of the avenue was changed, was not the owner on May 9, 1894, and therefore, by the express language of the statute, she was not entitled to an award for damages. In order to be so entitled, she not only had to be the owner at the time the change was made (People ex rel. City of New York v. Stillings, 134 App. Div. 480, 119 N. Y. Supp. 298, affirmed 200 N. Y. 525, 93 N. E. 1128), but also at the time specified in the statute, namely, May 9, 1894.

[2] At common law one was not entitled to damages to property abutting on a street occasioned by its change of grade. Radcliffe's Ex'rs v. Mayor, etc., 4 N. Y. 195, 53 Am. Dec. 357; Sauer v. City of New York, 180 N. Y. 27, 72 N. E. 579, 70 L. R. A. 717. The only right to such damages is that given by statute. Sauer v. City of New York, supra; People ex rel. Central Trust Co. v. Stillings, 136 App. Div. 438, 121 N. Y. Supp. 13, affirmed 198 N. Y. 504, 92 N. E. 1096.

[3] When the Legislature granted, as it did by the act of 1905, the right to damages, it had undoubted power to make such right, and the remedy to enforce it, dependent upon any condition which it saw fit to impose. It could withhold the remedy to enforce such claim altogether, or limit it to those who owned property at a certain time; and the latter is precisely what it did, by conferring the remedy to enforce claims for damages of this character only upon those who owned on May 9, 1894, the property damaged. In other words, the act of 1905 created a right not theretofore existing; but it also defined the extent of such right and the method by which it might be enforced. Heiser v. Mayor, etc., 104 N. Y. 68, 9 N. E. 866. Or, as said by Judge Chase, with whom the other members of the court concurred, in the Matter of Melenbacker v. Village of Salamanca, 188 N. Y. 370, 80 N. E. 1090:

"As the claim for damages arising from the change of grade of a street or a highway is given by statute where it did not exist at common law, the statutory remedy is exclusive and must be followed by those seeking relief."

The purpose of the act of 1905 is obvious. It was to relieve the owners intended to be benefited by the acts of 1893 and 1894, who had neglected to file claims under those statutes. In order to keep the benefits of the act within the limits contemplated, permission to enforce claims under the act of 1905 was made to depend upon the ownership of the land damaged on the date of the enactment of chapter 567 of Laws of 1894, namely, May 9, 1894. Nor is this view in any way in conflict with People ex rel. City of New York v. Stillings, 134 App. Div. 480, 119 N. Y. Supp. 298, affirmed 200 N. Y. 525, 93 N. E. 1128. All that was held in that case was that a person who owned property on May 9, 1894, but not at the time when the grade was physically changed, was not entitled to an award of substantial damages; but it

was not decided, nor was any intimation made to such effect, that a person who owned property when it was damaged, but did not own it on May 9, 1894, is entitled to an award.

If the foregoing views be correct, then the Change of Grade Damage Commission was without jurisdiction and was not authorized to make the award to the relator, because his testatrix did not own any of the property damaged on May 9, 1894.

In reaching this conclusion I have not taken into consideration the fact that an award for damages was made and paid to one who acquired title to lot "5" after the grade was changed. It may be that this award and payment under the Stillings Case was erroneous, but it can have no effect whatever so far as the legal rights of the parties here under consideration are concerned.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $50 costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. DOWLING, J., dissents.