(156 App. Div. 661.)

### In re CAULDWELL.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

1. MUNICIPAL CORPORATIONS (§ 378*)—CHANGE OF STREET GRADE—COMPENSATION.

Laws 1910, c. 701, providing that, whenever awards shall be lawfully made pursuant to any statute for damages to real estate or improvements thereon by any change of a street grade, the award shall bear interest from the time of the change of grade to the time of payment, does not apply to awards made before its passage, but only to those made subsequent thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 916; Dec. Dig. § 378.*]

2. MUNICIPAL CORPORATIONS (§ 395*)—CHANGE OF STREET GRADE—COMPENSATION.

The right to damages for a change of a street grade is purely statutory, and no more can be awarded than is specifically authorized by some statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 946–948; Dec. Dig. § 395.*]

Appeal from Special Term, New York County.

Application by Nettie J. Cauldwell, as sole acting executrix of Eliza E. Cauldwell, deceased, for a peremptory writ of mandamus, directed to William A. Prendergast, as Comptroller of the City of New York. From an order directing the issuance of a peremptory writ, requiring defendant to pay relator an award in a change of grade proceeding, with interest from the date of the change, both parties appeal. Reversed in part, and affirmed in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Barclay E. V. McCarty, of New York City, for relator.
Charles J. Nehrbas, of New York City, for defendant.

SCOTT, J. The relator is the executrix of the owner of property on East 166th street in the city of New York. The grade of this street was changed in the year 1893, and a claim for damages arising therefrom was filed with the change of grade damage commission pursuant to chapter 537, Laws 1893, as amended by chapter 567, Laws

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

1894, and chapter 747, Laws 1905. On December 22, 1909, the commission made an award of $5,000 to the relator, and its certificate to that effect was filed in the office of the comptroller December 27, 1909. Thereafter, and on June 25, 1910, the Legislature passed an act (chapter 701, Laws 1910) inserting in the Highway Law the following provision:

"Interest on Damages for Change of Grade. Whenever awards shall be lawfully made, pursuant to any statute of this state, for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of the payment of the award."

[1] The relator claims that under this enactment she is entitled to be paid interest upon the amount awarded to her from the date of the change of grade. To this extent she has been upheld by the Special Term. She also claims to be entitled to compound interest, but in this regard she failed to convince the Special Term. The only question we deem it necessary to consider is whether she is entitled to interest as awarded by the order appealed from.

Prior to the enactment of the statute quoted above, claimants for damages resulting from a change of grade were not entitled to recover interest, because the statute did not so provide. People ex rel. Central Trust Co. v. Stillings, 136 App. Div. 438, 121 N. Y. Supp. 13; Id., 198 N. Y. 504, 92 N. E. 1096. To meet this omission in the statute, chapter 701, Laws 1910, was passed, and it was held that under it claimants were entitled to interest upon all awards made after its passage. People ex rel. Central Trust Co. v. Prendergast, 202 N. Y. 188, 95 N. E. 715. The question now presented is whether under this statute, the only one providing for interest in cases like the present, a claimant to whom an award was made *before* the passage of the act is entitled to recover interest upon such award.

The language of the statute does not, seemingly, so provide, and this appears to have been the view of the Court of Appeals, although the precise question was not presented, and of course was not intended to be decided. Judge Vann, who wrote for the court in People ex rel. Central Trust Co. v. Prendergast, supra, said:

"The words used cover all awards made after the passage of the act, for the command is: 'Whenever awards *shall* be lawfully made, * * * the award for the principal amount of damages sustained shall bear interest,' etc. It embraces in terms all awards thereafter made. * * *"

[2] Since the recovery of damages for a change of grade is purely statutory, no more can be awarded in respect of such damages than is specifically authorized by some statute. The statute invoked by the relator does not specifically require that interest should be paid upon awards made before its passage, and there is therefore no authority for its allowance.

The order appealed from is therefore reversed, in so far as it awards interest to the relator, and is otherwise affirmed, with $10 costs and disbursements to the defendant appellant. All concur.