In the Matter of the Application of JOHN S. SCHMIEDER, Commissioner of Public Works of the City of Syracuse, Petitioner, for the Appointment of Commissioners of Condemnation in the Matter of the Change of Grade of Warren and James Streets in the City of Syracuse.

Supreme Court, Onondaga County, June 4, 1927.

**Municipal corporations — city of Syracuse — streets — condemnation proceeding under Laws of 1914, chap. 300, as amd.— change of grade of streets — awards confirmed in absence of proof that commissioners adopted erroneous rule in estimating damages — interest allowed, under Highway Law, § 59-a, from date when work of lowering grade was begun to date when paving was concluded — costs — costs allowed each defendant pursuant to Condemnation Law, § 16 — expenses incurred in individual survey not taxable as disbursements under Civil Practice Act, § 1518 — defendants entitled to extra allowance of costs.**

The awards made by the commissioners in condemnation proceedings, brought under chapter 300 of the Laws of 1914, as amended by chapter 69 of the Laws of 1921, to determine the amount of compensation to be paid to defendant property owners for the damages suffered by the change of grade in certain streets in the city of Syracuse, must be confirmed in the absence of evidence showing that the commission adopted an erroneous principle in estimating damages or that the awards are so grossly inadequate or excessive as to shock the sense of justice.

Interest upon a condemnation award generally does not accrue until the award is entered or until it is payable, which by statute is fixed at ninety days after the entry of the order of condemnation; but where it appears that substantial damage has been caused by actual changes which took place prior to the completion of the work, a different conclusion may be reached.

Under section 59-a of the Highway Law, which is applicable to this case, interest must be awarded " from the time of the change of grade." Therefore, since the commission found that the work of lowering the grade and repaving the streets was commenced on or about May 1, 1925, and was not finished until on or about December 1, 1925, interest upon the awards made should begin to run from May 1, 1925, and continue until the date of the payment thereof.

Since no offers to purchase were made each defendant is entitled, pursuant to section 16 of the Condemnation Law, to a bill of costs to be taxed by the clerk of this court.

An item covering charges for services of an engineer employed by a property owner to rectify a description of its property cannot be taxed as a disbursement under section 1518 of the Civil Practice Act.

An additional allowance not exceeding five per cent of the amount awarded each defendant is made in the discretion of the court, since it appears that the defendants were called upon to expend large sums of money in the preparation for trial and that an unusual amount of counsels' time was required in the preparation of the cases.

MOTION for confirmation of report of commissioners in condemnation proceeding.

*Clarence E. Hancock, Corporation Counsel [H. E. Wilson of counsel], for the city of Syracuse.*

*Lenox & Martin, Chapman, Newell & Crane, White & Shinaman, McKenzie, Smith & Lewis, Hancock, Dorr, Spriggs & Shove, Olmsted, Van Bergen & Preston, Charles V. Byrne, Costello, Cooney & Fearon, F. E. & R. T. Young, John W. Reynolds, Levy & Shulman, Dennis P. Nash, R. J. Shanahan, A. Fairfax Montague, D. J. Seubert, Gerson Rubenstein* and *Augustus E. Stevens.* for property owners.

CHENEY, J. This proceeding was brought under the special act applicable to the city of Syracuse (Laws of 1914, chap. 300, as amd. by Laws of 1921, chap. 69) for the appointment of commissioners to fix and determine the amount of compensation to be paid to the property owners for damages suffered by the change of grade of Warren and James streets in the city of Syracuse, rendered necessary by the elimination of the Erie and Oswego canals. Commissioners were appointed, who have heard the parties and have made their award, and their report is now before the court for confirmation. The statute states that upon the coming in of the report " it shall be confirmed," and the claim is made that the report must be confirmed as a matter of course. I held in *Matter of Scherrer* that such a construction of the statute would make the application to the

court a meaningless and unnecessary ceremony, and was not the intention of the Legislature, and accordingly applied the same rules regulating confirmation in the ordinary condemnation proceedings. My order in that proceeding was reversed upon another ground (206 App. Div. 734), but this question was not passed upon. Consequently I shall adopt the same rule as there laid down. The ordinary rule is that an award will not be set aside unless the commission has adopted the wrong principle in estimating damages or the award is so grossly inadequate or excessive as to shock the sense of justice. (*Matter of Gilroy*, 78 Hun, 260; *Akin* v. *Water Commissioners*, 82 id. 265; *Matter of Mechanicville Bridge Co.*, 83 Misc. 331.) As no facts have been presented that such a condition exists here, the award will be confirmed.

Other questions, however, remain to be determined. The first one is as to the date when interest begins to run upon the awards. Ordinarily, as an award in condemnation proceedings is in the nature of a judgment, interest would not accrue until it is entered, or possibly not until it is payable, which by the statute is fixed at ninety days after the entry of the order of confirmation. (*People ex rel. Central Trust Co.* v. *Stillings*, 136 App. Div. 438; affd., 198 N. Y. 504; *Matter of Cauldwell*, 156 App. Div. 661; affd., 209 N. Y. 538.) My attention has been called to section 59-a of the Highway Law (added by Laws of 1910, chap. 701) which provides that " Whenever awards shall be lawfully made, pursuant to any statute of this State for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of the payment of the award." It has been held that this statute is a general law and applies throughout the State, and to any case where damages are permitted for a change of grade by virtue of any statute. (*People ex rel. Central Trust Co.* v. *Prendergast*, 202 N. Y. 188.) Consequently it is applicable here, and interest must be awarded by virtue thereof " from the time of the change of grade."

Those words as used in the act are uncertain in their meaning, and have led to much confusion in the cases decided thereunder. It has been determined, however, by the Court of Appeals that " the right to interest does not begin until there has been an actual change, a physical change of grade," and that generally speaking the change of grade did not take place until the completion of the work. (*Matter of Crane* v. *Craig*, 230 N. Y. 452.) In that case, however, the court said: " We do not say that interest must always run from the date of actual completion. When it appears that sub-

stantial damage has been caused by actual changes which took place prior to full completion a different conclusion may be reached. In other words, a change of grade is a question of fact." It was said in *People ex rel. Central Trust Co.* v. *Prendergast* (202 N. Y. 188, 196), in construing the legislative intent as expressed by this act: " It embraces in terms all awards thereafter made and, as it is not limited to damages subsequently sustained, it extends to all damages whenever sustained whether in the future or the past. When this language is read in connection with the previous decisions of the courts, the facts which obviously led to the amendment of the act, the grounds of the opposition thereto and the history of the entire legislation, the intention of the Legislature is clear to my mind. As Governor Hughes said in his memorandum, the bill is ' an act of justice,' yet it would not be if confined in its application to damages to be sustained in the future." The " act of justice " which the Legislature intended was the payment of damages for a change of grade as of the date when those damages accrued, and realizing that an appreciable length of time would necessarily elapse before the amount of the damage could be determined by legal proceedings, the allowance of interest " from the time of the change of grade " was granted to effect that purpose. I am, therefore, of the opinion that the change of grade is effected within the meaning of this statute when the actual physical changes have been made which have resulted in substantial damages to the property affected, and that this is a question of fact to be determined by the circumstances of each case. (*Matter of Syracuse Trust Co.* v. *Pugh,* 128 Misc. 63.) In this case the commissioners found " that the work of lowering said grade and repaving said streets was commenced on or about the 1st day of May, 1925; that the work of lowering the grade of the said streets between the points hereinbefore set forth and the repaving of the paved area of said streets was finished on or about the 1st day of December, 1925. Between the 1st day of May, 1925, and the 1st day of December, 1925, the said streets included within the area where the grade was being changed were shut off to traffic, both pedestrians and vehicular." It is quite evident that the damages to these properties affected by the change of grade accrued when they were deprived of access to the public highways as they existed prior to the change of grade. By the finding of the commissioners this occurred on the 1st day of May, 1925, and it is from that date that interest should begin to run upon the awards, and it should continue until the date of payment thereof.

The remaining question is the matter of costs. The statute under which this proceeding is instituted (Laws of 1914, chap. 300, as amd. by Laws of 1921, chap. 69) provides that " the court

Supreme Court, June, 1927.          [Vol. 130

shall fix the amount of damages, costs and expenses allowed by law to be allowed the landowner and the petitioner, and shall order the same to be paid by the city of Syracuse." It has been held that the law referred to is the Condemnation Law regulating costs in proceedings of a similar character. (*Matter of Scherrer*, 206 App. Div. 734.) The Condemnation Law of 1920 (§ 16) provides that if no offer to purchase has been made " the court shall, in the final order, direct that the defendant recover of the plaintiff the cost of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowance for proceedings, before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded." Under that section, as it appears that no offers to purchase have been made, I have no option but to allow to each defendant who has appeared a bill of costs to be taxed by the clerk.

In this connection I am asked by the counsel interested to determine a question with regard to an expense item, which is not properly here, as it could only come up regularly upon a motion to retax costs, but as my opinion has been asked and counsel have agreed to abide by it, I will decide it now. In the case of the Kelsey Heating Company the petition set up an incorrect description of the property. The property owner employed an engineer who made surveys and maps, and its testimony as to damages was based upon the facts as determined by such survey. This evidence was adopted by the commissioners as the basis for their award. The charges of the engineer for the survey and maps are stipulated to be fair and reasonable, and the property owner asks that this expense be taxed as a disbursement under section 1518 of the Civil Practice Act. I am of the opinion that this is not a taxable disbursement. (*Mark* v. *City of Buffalo*, 87 N. Y. 184.)

The Condemnation Law also permits the granting of an additional allowance not to exceed five per centum upon the amount awarded. This provision is also applicable to proceedings under this local statute. (*Matter of Scherrer*, 206 App. Div. 734.) The amount of this allowance is in the discretion of the court. The reason for the allowance of costs and extra allowance in condemnation proceedings has been stated as follows: " A person or corporation, whose property is sought to be taken under condemnation proceedings, is entitled to be heard at every step in the process, and in justice should be compensated not only for the land or property taken, but should be indemnified against all costs and expenses reasonably incurred either in resisting the appropria-

tion or in the proceedings for ascertaining the compensation to be made." (*Matter of City of Brooklyn*, 148 N. Y. 107.)   It is true that this is not strictly speaking a condemnation proceeding, and that without legislation to that effect a property owner is not entitled to damages for a change of grade.   But the Legislature, in effect, by the statute in question and by numerous other statutes allowing such damages, has determined that changing the grade of a highway and causing damage thereby, is really a taking of private property for public use, and morally should be compensated for in the same manner as is property taken by the exercise of the right of eminent domain.   These acts have all been sustained, as an act of justice, a recognition of the moral obligation on the part of the public when entering upon a great improvement for the benefit of the whole public, to reimburse the few who have suffered damage therefrom.   That it was the intention of the Legislature to make that reimbursement complete is evidenced by the history of the legislation upon the subject.   The enactments have followed closely the decisions of the courts which have applied strictly the rule that as the right was purely statutory, nothing could be allowed which was not specifically granted by the statute.   At first it was held that costs were not recoverable; this was followed by an amendment allowing costs at statutory rates; when that was held not to include extra allowance (*Matter of School Street, Nos. 1 & 2*, 162 App. Div. 158), the Legislature made the provisions of the Code of Civil Procedure with reference to extra allowances applicable; when the courts held that the $2,000 limit applied (*Matter of Simmons*, 208 N. Y. 69), the statute was amended by making the extra allowance a maximum of five per cent on the award; and when it was held that interest on the award was not recoverable (*People ex rel. Central Trust Co.* v. *Stillings*, 136 App. Div. 438), this was followed by the amendment to the Highway Law by adding section 59-a in 1910.   I am, therefore, convinced that it was the intention of the Legislature that the property owners should be reimbursed for the expenses of the litigation forced upon them to determine the amount of the damages, in so far as an allowance not to exceed five per cent of the award would do so, and that the court, in fixing the amount of the allowance should be governed by that legislative intent.

In this case, although it was conducted in one proceeding, the case of each claimant required separate preparation and to a considerable extent separate proof.   The hearings before the commission occupied sixty days, about half of which was consumed in taking general evidence applicable to all the cases and the balance in taking the proof of the individual claimants.   The preparation

of the proof required the hiring of experts, engineers, architects, contractors, builders, real estate men and accountants, and the property owners were compelled to expend large sums of money in the preparation for trial, which sums are not properly taxable as disbursements, but were necessary for the proper presentation of their respective cases. In many cases, these expenditures exceed the amount which can legally be allowed. The legal questions were difficult and unusual, and necessarily required a large amount of time of counsel in the preparation and presentation of the cases. While in the aggregate, the full allowance of five per centum may seem large, in the majority of the cases it is inadequate and in only two or three of the cases where large awards were made, does it approach adequate compensation for the labor involved.

An extra allowance of five per centum is allowed in each case. This is to be computed on the face of the award, not including interest. (*Matter of Board of Water Supply*, 75 Misc. 150.)