Daniel E. Maceen, J.
Relying on City of Buffalo v. Irish Paper Co. (31 A D 2d 470) and section 555 of the General Municipal Law, the city opposes the granting of an additional allowance of costs, contending that this proceeding is governed solely by the city charter and not the Condemnation Law.
Provisions concerning condemnation proceedings are contained in sections 9-31 through 9-49 of the Charter of the City of Rochester. They are derived from the charter enacted by chapter 755 of the Laws of 1907 and subsequent amendments thereto. Section 454 of that chapter (now § 9-A8 of the charter) provides: “ Costs may be awarded to or against the city in a condemnation proceeding or proceeding to assess damages instituted under this act.” When the charter was enacted, provisions for the conduct of condemnation proceedings were contained in the Code of Civil Procedure and section 3372 thereof provided for costs and an additional allowance of costs in terms identical with the language of section 16 of the present Condemnation Law. When the Condemnation Law was adopted by chapter 923 of the Laws of 1920, the provisions of the Code of Civil Procedure relating to condemnation were repealed and incorporated in the Condemnation Law.
There can be no doubt that when the charter was enacted in 1907 the provision for payment of costs had reference to the costs then provided by the Code of Civil Procedure. From that time it has been the practice of this court in proper cases to make an additional allowance of costs in City of Bochester condemnation proceedings in accordance with the provisions of the former Code of Civil Procedure and the present Condemnation Law and such allowances have been made without, to my knowledge, any challenge by the city of the power of this court to make such allowanpes until the present time. Significantly when, by chapter 613 of the Laws of 1959, the charter was substantially amended by repealing the provisions for determination by Commissioners of the compensation to be paid for condemned property and replacing them with provisions for such determination by the Supreme Court, the charter provi *233 sion as to costs was not disturbed and, as indicated, in the great number of proceedings in connection with urban renewal projects instituted and determined since that time, additional allowances of costs have been made without challenge.
As late as June 27, 1969 and after its decision of City of Buffalo v. Irish Paper Co. (31 A D 2d 470, supra) the Appellate Division of this department recognized and adopted a 5% additional award of costs by the trial court although it does not appear that the issue was raised in the court below or in the briefs on appeal. (Matter of City of Rochester [Esdomar Realty], 32 A D 2d 884.) It is to be noted that the Charter of the City of Buffalo, before the court in Irish Paper, was enacted in 1929, long after the adoption of the Condemnation Law, and contained no provision for payment of costs. The court nevertheless held that the claimant was entitled to the costs provided by the CPLR
From its legislative history I conclude that, when enacted in 1907, it was the intent of the present section 9-48 of the charter that the costs to be awarded be such as provided by statute in condemnation proceedings and that the transfer of such provisions from the Code of Civil Procedure to the Condemnation Law did not alter that intent, a conclusion apparently shared by the city for the past 62 years. Accordingly, the judgment may contain a provision for an additional allowance of costs to claimants-respondents of 5% of the amount of the award.
My original decision provided for interest at the rate of 4% in accordance with claimants ’ requested finding. Claimants now call to my attention Matter of City of New York (Manhattan Civic Center Area) (57 Misc 2d 156, affd. 32 A D 2d 530). In accordance with that decision, my original decision is amended and the judgment may provide that interest on the unpaid portion of the award be at the rate of 4% from the date of vesting to August 1, 1966 and thereafter at the rate of 6%. (See, also, Matter of Town of Hempstead [Lido Beach], 58 Misc 2d 134; General Municipal Law, § 3-a, as amd. Feb. 25, 1969.) While Matter of City of New York (Manhattan Civic Center Area) was decided after a hearing and taking of testimony, no further hearing is required to determine that interest rates have increased consistently since the time of that decision.