Carrolltox A. Roberts, J. On
this application by claimant owner Merton C. Armstrong for an allowance of additional costs pursuant to the Condemnation Law, the City of Rochester is again arguing that the 5% allowance provided for in section 16 of the Condemnation Law should not be made by reason of the fact that this is an urban renewal condemnation. Citing City of Buffalo v. Irish Paper Co. (31 A D 2d 470, 476-477 [4th Dept., 1969], affd. 26 N Y 2d 869 [1970]) and City of Buffalo v. Clement Co. (34 A D 2d 24, 35-37 [4th Dept., 1971], mod. 28 N Y 2d 241, 263-265 [1971]) the city contends that urban renewal condemnations in the City of Rochester are brought pursuant to the Charter of the City of Rochester and that by reason of this procedure the provisions of the Condemnation Law are inapplicable. Preliminarily, it is most important to understand what the Clement and Irish cases did not hold. These were cases which involved the construction of a specific section of the General Municipal Law (the enabling law for urban renewal condemnations), specifically, section 555, and also the provisions of the Charter of the City of Buffalo. These cases did not make any general ruling with regard to urban renewal condemnations involving other provisions of the General Municipal Law or involving charters or enabling legislation in other local laws; to be understood, the holdings of these cases must be viewed simply in light of the fact that they are interpretations of the single provision of the General Municipal Law in relation to the Charter of the City of Buffalo.
There is no provision in the Charter of the City of Buffalo for the incorporation of costs of any kind either as provided in the charter or in other general or local laws of the State of New York. Moreover, section 555 of the General Municipal Law provides that ‘ ‘ property may be acquired by condemnation * * * by a municipality for an agency pursuant to the condemnation law or pursuant to the laws relating to the condemnation of land by the municipality ’ ’. Construing this section, and analyzing the Charter of the City of Buffalo, specifically section 393 of that charter, providing with regard to procedure that 11 when the mode or manner of conducting all or any part of the proceeding is not expressly provided for by this article, the court before which the proceeding may be pending shall have the power to make all necessary orders and give all proper directions to carry into effect the object and intent of this *565 article, the practice in such cases to conform, as nearly as may be, to the ordinary practice in such court ’ ’, the court concluded that there was no connection between the charter provision and section 16 of the Condemnation Law and that, accordingly, the 5% allowance could not be made.
There are, however, serious differences between the procedure adopted by the Urban Renewal Agency of the City of Rochester, and the Charter of the City of Rochester and these sections of the Buffalo Charter which were in issue in the Clement, and Irish eases; in fact, several cases'have specifically recognized these differences in permitting the 5% allowance in Rochester urban renewal cases after the decision in the Irish case.
In the first place, the urban renewal condemnations in the City of Rochester are brought pursuant to section 506[1] of the General Municipal Law which provides in subdivision 1 (par. [a]) that “ A municipality, acting through its governing body, may acquire by purchase, gift, devise, lease, condemnation or otherwise, in accordance with the provisions of appropriate general, special or local law applicable to the acquisition of real property by such municipality, real property or any interest therein * * * necessary for or incidental to a program of urban renewal ”.
This language is substantially different from the language quoted above in section 555 of the General Municipal Law, insofar as it is not a provision requiring an “ either or ” choice on the part of the municipality with regard to procedure, but rather is one which by its tenor if not literally contemplates that all applicable procedural statutes, whether general, special or local law, will be utilized by the agency in the proceeding. The above-quoted provision of section 506 of the General Municipal Law (“in accordance with the provisions of appropriate general, special or local law applicable to the acquisition of real property ”) and the provisions of section 9-32 and section 9-33 of the Rochester City Charter requiring determination of ‘ ‘ the compensation which ought justly to be made by the city to the owners of the real estate ”, clearly contemplate the incorporation by reference into the charter of whatever additional compensation provisions are set forth in the Condemnation Law.
Similar situations were involved in Matter of Scherrer (206 App. Div. 734 [4th Dept., 1923]) where the court stated: “ Order reversed on the law, with ten dollars costs and disbursements, *566 and matter remitted to the Onondaga Special Term to award an additional allowance of costs in its discretion, on the ground that chapter 300 of the Laws of 1914, as amended by chapter 448 of the Laws of 1918, and chapter 69 of the Laws of 1921, must be read in connection with section 16 of the Condemnation Law (formerly section 3372 of the Code of Civil Procedure), which includes an additional allowance as costs when the compensation awarded exceeds the offer. The special statutes under which this proceeding was had authorized the court to fix the amount of damages, costs and expenses ‘ allowed by law to be allowed. ’ The law referred to is the Condemnation Law regulating costs in proceedings of a similar character.”
Likewise, it was held in Matter of Schmieder (130 Misc. 136, 139-140 [Sup. Ct., Onondaga County, 1927]) as follows: “ The remaining question is the matter of costs. The statute under which this proceeding is instituted (Laws of 1914, chap. 300, as amd. by Laws of 1921, chap. 69) provides that ‘ the court shall fix the amount of damages, costs and expenses allowed by law to be allowed the landowner and the petitioner, and shall order the same to be paid by the city of Syracuse.’ It has been held that the law referred to is the Condemnation Law regulating costs in proceedings of a similar character. (Matter of Scherrer, 206 App. Div. 734.) ” (See, also, Matter of City of Rochester v. Rochester, Lockport & Buffalo R. R., 219 App. Div. 857 [4th Dept., 1927]; City of Rochester v. Cohen, 219 App. Div. 857 [4th Dept., 1927], affd. 246 N. Y. 551 [1927].)
That section 16 of the Condemnation Law can and should be incorporated by reference into section 506 of the General Municipal Law by the reference therein to “ general ” law is further demonstrated by the rule of construction and classification for statutes contained in McKinney’s Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 32, subd. b) providing that ‘ ‘ a general law is one which extends to the entire state and embraces all of a particular class, whether persons or things.”
The conclusion that the provisions of the Condemnation Law were intended to apply is further confirmed by the language of the enabling ordinance of the Council of the City of Rochester (68-115) which provides that: “ the Council hereby authorizes and directs the Corporation Counsel to enter into condemnation proceedings pursuant to the applicable laws of the State of New York, the Charter of the City of Rochester and Article 15 of the General Municipal Law of the State of New York to acquire property ”.
*567 Again, reference to ‘ ‘ the applicable Laws of the State of New York ” can only mean the provisions of the Condemnation Law.
It should also be understood that the special allowance provided in subdivision 2 of section 16 of the Condemnation Law is simply an allowance of costs, nothing more. Thus that provision states in part: “ If the compensation awarded shall exceed the amount of the offer with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings, before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded.” (Italics supplied.)
Unlike the Charter of the City of Buffalo, the Rochester Charter provides in section 9-48 that “ costs may be awarded to or against the city in a condemnation proceeding or proceeding to assess damages instituted under this act.”[2] Further, the condemnation article of the Charter of the City of Rochester provides in several footnotes by way of official editors’ notes that where the provisions of the local law are silent the provisions of the State law supersede specifically the New York Condemnation Law in sections 4 through 19. Since costs are permissible under the provisions of the Charter of the City of Rochester and since those costs by reason of section 16 of the Condemnation Law involve the 5% allowance, an application for that allowance is properly a part of a proceeding in an urban renewal condemnation in the City of Rochester.
The same arguments now made by the city were made before Mr. Justice Maceen in Matter of City of Rochester v. Robfogel (61 Misc 2d 231 [Spec. Term, Monroe County, 1969]) on an application for a 5% allowance after the decision in the Irish case had been published. Mr. Justice Maceen, in analyzing the arguments of the parties, concluded that the 5 % award could be made in a condemnation commenced in the City of Rochester pursuant to the charter for urban renewal notwithstanding that the contrary result was reached under the Buffalo Charter: “As late as June 27, 1969, and after its decision of City of Buffalo v. Irish Paper Co. (31 A D 2d 470, supra) the Appellate Division of this Department recognized and adopted a 5% *568 additional award of costs by the trial court although it does not appear that the issue was raised in the court below or in the briefs on appeal. (Matter of City of Rochester [Esdomar Realty], 32 A D 2d 884.) It is to be noted that the Charter of the City of Buffalo, before the court in Irish Paper, was enacted in 1929, long after the adoption of the Condemnation Law, and contained no provision for payment of costs. The court nevertheless held that the claimant was entitled to the costs provided by the CPLR.
‘ ‘ From its legislative history I conclude that, when enacted in 1907, it was the intent of the present section 9^48 of the charter that the costs to be awarded be such as provided by statute in condemnation proceedings and that the transfer of such provisions from the Code of Civil Procedure to the Condemnation Law did not alter that intent, a conclusion apparently shared by the city for the past 62 years. Accordingly, the judgment may contain a provision for an additional allowance of costs to claimants-respondents of 5% of the amount of the award.”
This court would also note that the argument now made by the City of Rochester was specifically made in a case adjudicated by the Appellate Division for the Fourth Department in 1969 (Matter of City of Rochester [Genesee Crossroads — Forster Co.], 32 A D 2d 888 [4th Dept., 1969]); there, on an extensive oral argument, the Appellate Division rejected the contention of the city that the 5% allowance could not be permitted.
Holdings in other departments have also permitted the 5% allowance in urban renewal condemnations. In City of Troy v. Manufacturers Nat. Bank (30 A D 2d 889 [3d Dept., 1968]) the Appellate Division, indicating that the condemnation was commenced pursuant to section 15 of the General Municipal Law, nonetheless held that a 5% allowance pursuant to section 16 of the Condemnation Law was properly made. Similarly, in City of Ithaca v. Ray (35 A D 2d 625 [3d Dept., 1970]), a case involving an urban renewal condemnation by the Ithaca Urban Renewal Agency in the City of Ithaca, a 5% allowance was permitted. Likewise, a 5% allowance was permitted in City School Dist. of City of White Plains v. Smith (31 A D 2d 645 [2d Dept., 1968]).
Accordingly there is absolutely no basis for the argument now made by the city that the 5% award should not be permitted in urban renewal condemnations commenced on the basis of enabling provisions in the Charter of the City of Rochester.
Upon reviewing the transcript of the proceedings in the case *569 at bar, specifically with regard to the difficulty of the case, the result obtained by counsel for the owner, the time of trial, the time for appraisal and the trial preparation, and all other factors, it is the conclusion of this court that the claimant owner is entitled to the 5% allowance in full. 0

. In fact the petition in paragraph 1 generally cites the entire article of the General Municipal Law applicable to urban renewal (“pursuant to Article 15 of the General Municipal Law of the State of New York”).

. That any mention of costs in condemnation proceedings generally indicates a reference to the Condemnation Law is demonstrated by Matter of County of Westchester v. Baruch (247 N. Y. 398 [1928]).