■ In the Matter of RAYMOND H. DODGE, as Commissioner of Public. Works of the City of Syracuse, Appellant-Respondent, v. AGNES F. TIERNEY, Respondent-Appellant.— Order unanimously modified to increase the additional allowance to the sum of $14,964.25, amounting to 5% of the award, with costs to defendant. Memorandum: This condemnation proceeding was instituted under the Public Works Act for the City of Syracuse enacted by chapter 300 of the Laws of 1914, as amended. The Commissioners of Appraisal awarded to defendant for her property the sum of $299,285, an amount exceeding by more than 50% the sum which the City had offered. In confirming the award Special Term granted an additional allowance to defendant under the Condemnation Law (§ 16, subd. 2) in the sum of $9,403.53, consisting of expenses, exclusive of attorney's fees, which defendant incurred in proving the value of her property. On this appeal the city contends that the court had no authority to grant the additional allowance to defendant under the Condemnation Law, and asserts that the court is limited in this respect by the statutory provisions under which this proceeding was instituted. The city relies on *City of Buffalo* v. *Irish Paper Co.* (31 A D 2d 470, affd. 26 N Y 2d 869) and *City of Buffalo* v. *Clement Co.* (34 A D 2d 24, mod. 28 N Y 2d 241). In both of these cases the court noted that the Charter of the City of Buffalo, under which those proceedings were conducted, made no provision, directly or indirectly, for an additional allowance. Section 2 of the statute under which this proceeding was brought (L. 1914, ch. 300) provides, however, in part as follows: " The court shall fix the amount of damages, costs and expenses allowed by law to be allowed the landowner and the petitioner, and shall order the same to be paid by the city of Syracuse within ninety days from the entry of the order confirming said report." The Syracuse statute has long been interpreted as intending to include the substance of subdivision 2 of section 16 of the Condemnation Law which authorizes the court in its discretion to grant to an owner an additional allowance up to 5% of the award. Such authorization is provided so that an owner will not only receive full indemnity for the property taken by the condemning authority but also that in a proper case he may be reimbursed for all the expenses which he has incurred in establishing the value of his property which the condemning authority sought to obtain for less than its proven value (*Matter of Dodge* v. *Kelley,* 19 A D 797, affd. *sub nom. Matter of Dodge* v. *Mathews,* 15 N Y 2d 515; *Matter of Scherrer,* 206 App. Div. 734; *Matter of Schmieder,* 130 Misc. 136, 140; and see *Matter of Board of Supervisors of County of Monroe* v. *Sherlo Realty,* 32 Misc 2d 579, 593, affd. 19 A D 2d 590, affd. 13 N Y 2d 1172; *Matter of City of Rochester (Cohen),* 219 App. Div. 857, affd. 246 N. Y. 551; *City of Troy* v. *Manufacturers Nat. Bank,* 30 A D 2d 889; *City of Little Falls* v. *Greene Real Estate Corp.,* 27 A D 2d 640; *Matter of City of New York* [*Town of Hempstead*], 125 App. Div. 219, 222, 225; *Matter of City of Rochester* [*Robfogel*], 61 Misc 2d 231). It was proper, therefore, for Special Term in this case to grant an additional allowance. Defendant, however, cross-appeals because Special Term denied her the full 5% additional allowance which the law authorizes, the amount allowed being slightly more than 3 per cent of the award. The court denied the full 5% allowance because defendant's papers did not show whether her agreement with her attorneys for their compensation consisted of a flat rate or a contingent fee. Whatever arrangement defendant had with her attorneys

was immaterial in the determination of an additional allowance which is granted to help an owner defray expenses and legal services rendered. Under the circumstances of this case it was an improvident exercise of discretion by Special Term to deny defendant the full 5% additional allowance in partial reimbursement of her commitment for legal fees and other expenses incurred in establishing the value of her property (see *Matter of Dodge* v. *Kelley*, 19 A D 2d 797, affd. *sub nom. Matter of Dodge* v. *Mathews*, 15 N Y 2d 515, *supra*; *City of Troy* v. *Manufacturers Nat. Bank*, 30 A D 2d 889, *supra*; *City of Little Falls* v. *Greene Real Estate Corp.*, 27 A D 2d 640, *supra*). (Appeals from order of Onondaga Special Term in condemnation proceeding.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.