■ NEW YORK STATE URBAN DEVELOPMENT CORP., Appellant, v MORRIS GOLDFELD, Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: In this condemnation action respondent refused appellant's offer of $25,000 and upon trial of the case received an award in the sum of $26,757.45. He appealed therefrom to this court and the award was increased to the sum of $28,678. Upon due application the trial court granted respondent an additional allowance of 5% upon the award and the interest thereon. Appellant contends that this was a simple case for trial; that it is clear that appellant bargained with respondent in good faith; and so the court abused its discretion in granting an additional allowance to respondent under subdivision 2 of section 16 of the Condemnation Law; and that the court also erred in allowing the 5% upon the interest on the award as well as upon the award itself. An additional allowance under subdivision 2 of section 16 of the Condemnation Law is not granted as of right but in the reasonable discretion of the Trial Judge *(Matter of Dodge v Mathews,* 15 NY2d 515; *Matter of Board of Supervisors of County of Monroe v Sherlo Realty,* 32 Misc 2d 579, 593, affd 19 AD2d 590, affd 13 NY2d 1172; *Matter of Dodge v El Roh Realty Corp.,* 40 AD2d 938). The purpose of the allowance is to make the owner whole, that is, to pay his necessary and reasonable legal expenses in obtaining fair compensation for his property so that his award will not be reduced thereby *(Matter of Dodge v Tierney,* 40 AD2d 936). In view of the legal services successfully rendered for respondent, we find no abuse of discretion in the grant of 5% additional allowance on the award (see *Matter of Dodge v Tierney, supra; Matter of Dodge v El Roh Realty Corp.,* 40 AD2d 937; *Matter of Dodge v Colozzi,* 40 AD2d 937). The court erred, however, in computing the additional allowance upon the interest of the award as well

as upon the award itself *(Matter of County of Westchester v Baruch,* 247 NY 398, 401; *Matter of Schmieder,* 130 Misc 136, 142; *Matter of Board of Water Supply of City of N.Y.,* 75 Misc 150, 151). The order is therefore modified to reduce the additional allowance to 5% of the principal of the award. (Appeal from order of Onondaga Supreme Court—extra allowance condemnation Law.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.